ANNIE B. CROCKER & others *vs.* CHARLES U. COTTING & others, trustees.

Suffolk. January 16, 1899. — March 3, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Common Law — Equity — Constitutional Law — Easement — Encumbrance — Restriction — Statute.*

St. 1889, c. 442, entitled "An Act to provide for determining the validity, nature, or extent of certain encumbrances upon titles to real estate," is not unconstitutional on the ground that it fails to provide for a trial by jury. Proceedings under the statute are rather equitable than legal, and if the statute applies to cases where there is an issue of fact it implies that the trial is to be had in such manner as settled practice shows to be proper.

An easement is a "restriction" and "encumbrance," within the meaning of St. 1889, c. 442, entitled "An Act to provide for determining the validity, nature, or extent of certain encumbrances upon titles to real estate."

PETITION, filed February 19, 1898, by the owners of one undivided third of the fee in a passageway in Boston, alleged to be brought under St. 1889, c. 442, entitled "An Act to provide for determining the validity, nature, or extent of certain encumbrances upon title to real estate," against the several owners of

the other two thirds of such fee, for the purpose of having the court determine the extent and nature of certain rights of passage which the parties have in the way, and particularly rights of building over the same.* The respondents demurred to the petition, and *Lathrop*, J. reserved the questions of law arising thereon for the consideration of the full court. If the demurrers were sustained, the petition was to be dismissed, with costs ; otherwise, such decree was to be entered as law and justice might require. The grounds of demurrer are stated in the opinion.

*W. L. Putnam & J. L. Putnam*, for the trustees under the will of Samuel K. Williams.

*Z. S. Arnold*, for the trustee under the will of George S. Winslow.

*S. Lincoln & F. Rackemann*, for the petitioners.

HOLMES, J. The purpose of this demurrer is only to test the constitutionality of St. 1889, c. 442, and to ascertain whether this case falls within the act.

The objection to the constitutionality of the act is that it provides for a common law proceeding concerning property, and does not provide for a trial by jury, as required by the fifteenth article of our Declaration of Rights. The answer to this objection is that, in the first place, although it is on the law side of the court, the proceeding is more after the analogies of equity than of the common law, as is shown, among other things, by the fact that it ends in a decree and not in a judgment, (*Gurney* v. *Waldron*, 137 Mass. 376, 378,) and, next, that the statute does nothing to deprive a party of his trial by jury in any case where such a trial would be proper. The principal object of the statute is to provide an expeditious way to have documents construed when rights depend upon a doubtful construction. If it were necessary in order to save the act, it would not be difficult to confine its operation to such cases. But supposing the statute to go further, and to apply to cases where there is an issue of fact, the word " issues " in § 1 would be enough to indicate, if any indication were necessary, that the provision for a petition to the

---

* The rights of the parties in this passageway have been twice before this court in *Crocker* v. *Cotting*, 166 Mass. 183, and 170 Mass. 68.

Supreme Judicial Court is a provision for a trial in that court in such manner as settled practice shows to be proper.

The second ground of demurrer is that easements are not within the act. The language of the statute is: "When the title to land appears of record to be affected by a possible condition, restriction, reservation, stipulation, or agreement, etc., any person having a freehold estate . . . may file a petition in the Supreme Judicial Court for the purpose of determining the validity or defining the nature and extent of such possible condition, or other encumbrance," etc. It cannot be denied that an easement is a " restriction " and " encumbrance " within the possible meaning of the words used in the two branches of the sentence, and we see no sufficient reason for giving those words less than their full meaning. If the new remedy is a good thing in the case of an equitable restriction, it is as useful in the case of an easement at common law. We see no ground for preferring a building scheme to a right of way in the search for enlightenment. Very likely those who drew the act were thinking of their own peculiar troubles, whatever they may have been. But they used general words, which we take in their broad and general sense. In *Chase* v. *Walker*, 167 Mass. 293, a decree was made under this statute concerning the extent of an easement, and neither the court nor the able counsel who argued the case seem to have been disturbed by either of the difficulties raised by the defendant. That easement was created by covenant, but there is no difference between an easement by covenant and one by grant. *Hogan* v. *Barry*, 143 Mass. 538.

*Demurrer overruled.*