WILLIAM T. IDE *vs.* ALICE B. BOWDEN.

Bristol.    December 8, 1960. — February 6, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Deed*, Construction, Property conveyed.    *Land Court*, Appeal.

An appeal from the final order of the Land Court in a registration pro-
ceeding brings to this court the question of law whether the order is
correct on the facts stated by the judge in his decision.    [24]

On the facts, where a man and a woman owning as tenants in common a
tract of land situated partly in Rhode Island and partly in a Massa-
chusetts town exchanged deeds, the man conveying to the woman the
portion of the tract in Rhode Island bounded by the State line and
she conveying to him land vaguely and ambiguously described but
stated to be "all the properties in . . . [the Massachusetts town] be-
longing to" a former owner of the entire tract, a conclusion was proper
that the parties to the deeds intended to partition the tract at the
State line and that the woman's deed conveyed to the man the portion
in the Massachusetts town and left her no interest in that portion.
[27] ·

PETITION filed in the Land Court on November 21, 1956.
The case was heard by *Cotton*, J.

*Leonard E. Perry*, for the respondent, submitted a brief.
*Edmund J. Brennan*, for the petitioner.

CUTTER, J.    This is a petition for registration of title to
about fourteen acres of vacant land in Seekonk lying di-
rectly east of the Massachusetts-Rhode Island boundary
line.    The Land Court judge ruled that the petitioner (Ide)
was "entitled to registration . . . in fee . . . subject to
any encumbrances set forth in the abstract not here in is-
sue."    The respondent (Mrs. Bowden) who claims an
undivided half-interest in the locus has appealed.    The
case is before us on the decision of the judge of the Land
Court, which incorporates by reference the examiner's re-
port and abstract and the Land Court plan.    The Land
Court judge has also referred in his opinion to a chalk here-
with reproduced in simplified form.    The locus constitutes

Ide *v.* Bowden.

all of lot A and the portions of lots B, C, and D, lying to
the east of the State line. The question is whether the ulti-
mate order is correct in law upon the facts found by the
judge in his decision, including the documents incorporated
therein by reference. See *Harrington* v. *Anderson,* 316
Mass. 187, 192; *Cerel* v. *Framingham, ante,* 17, 18.

The locus was part of the estate of one John Barney.
His land was divided by partition in 1852. Of ten parcels
then set off, lots 2, 4, 6, and 8 "appear to include [the]
locus." Lot 2 (see chalk, lot A) was set off to Perry
Barney. Lot 4 (see chalk, lot B) was set off to Martha K.
Barney. Lot 6 (see chalk, lot C) was set off to John P.
Barney. Lot 8 (see chalk, lot D) was set off to Anna D.
Barney. There appears to be no dispute that by 1913 these
lots had been acquired by John P. Barney, whose heirs,
Mrs. Bowden and Bessie B. Ide, took these lots as tenants
in common, each owning an undivided one-half share.

In 1916, Mrs. Bowden and Mrs. Ide conveyed to a power
company an easement across the locus, and this was re-
leased to Ide by the power company in 1924. Mrs. Ide, at
her death in 1919, left the residue of her estate to Ide, her
husband.

In 1923, Ide conveyed to Mrs. Bowden "by metes and
bounds with an exact description about 86 acres described
as in Rhode Island." One boundary of this description is
stated as running northerly "with said [State] line between
. . . Rhode Island and Massachusetts about 1565 feet to
land belonging to Joseph McCormack." The parcel thus
conveyed includes a 69.7 acre parcel shown on a 1919 plan
of the John P. Barney estate, treated as a chalk by the Land
Court judge. The 1923 deed to Mrs. Bowden of the parcel
west of the State line mentions a longer boundary on the
State line than is shown on the accompanying chalk, but
seems clearly to include the portions of lots B, C, and D
which are situated in Rhode Island.

On the same day, Mrs. Bowden conveyed to Ide land in
Massachusetts described in part as follows: "Also those 4
certain wood lots in the Town of Seekonk, County and State

aforesaid, including 5 acres of land in the West lot, 6 acres of land in the Carpenter lot, 9 acres of land in the Luther lot and 4 acres of land in the Miller lot, so-called, or however otherwise described. Being all the properties in Seekonk, Massachusetts, belonging to [the] estate of John P. Barney, late of East Providence, Rhode Island, deceased.'' Prior to this exchange of deeds, a petition for partition had been brought against Ide in Rhode Island by Mrs. Bowden. The final decree entered by consent had directed that these conveyances be made.

The question before us is whether the paragraph from Mrs. Bowden's 1923 deed quoted above conveyed the locus to Ide, for the deed is ambiguous and the vague descriptions of the four wood lots do not precisely fit the areas of lots A, B, C, and D shown on the accompanying chalk. Mrs. Bowden contends that her 1923 conveyance of ''four certain parcels of woodland . . . [does] not encompass . . . [the locus, but refers to] parcels situated elsewhere.'' The locus, she says, is owned by Ide and herself as tenants in common. As the Land Court judge pointed out, however, Mrs. Bowden ''does not show on what . . . other part of the earth they [the four parcels] may lie.''[1]

The situation is complicated by some past litigation in Rhode Island. Seven years after the 1923 exchange of deeds, Mrs. Bowden brought a bill in equity in Rhode Island against Ide seeking reformation of Ide's deed to her so that it would include the locus. See *Bowden* v. *Ide,* 48 R. I. 441, where, on certification of questions to the Supreme Court of Rhode Island, that court held (a) that the purported partition decree in 1923 by the Rhode Island Superior Court carrying out the partition agreement was entered

---

[1] In 1861 the boundary line between Massachusetts and Rhode Island in this area was changed and established in a manner which transferred to Rhode Island certain land formerly thought to be in Seekonk, Massachusetts, pursuant to an adjustment of an equity proceeding in the Supreme Court of the United States. See St. 1861, c. 187, esp. § 5. This matter seems relevant only as a basis of possible confusion as to where on the ground the State line was. It is likely that Ide knew that the locus was in Massachusetts and there is basis for an inference that Mrs. Bowden also knew this, in view of her 1916 conveyance to a power company of an easement over the locus. See also discussion in *Bowden* v. *Ide,* 52 R. I. 362, 365, quoted later in this opinion.

without jurisdiction; (b) that it was (see p. 448) no bar to relief in the Rhode Island courts; and (c) that it was "of no force except as evidence of an agreement of the parties." The case was then remanded for further proceedings in the Superior Court. A Superior Court judge concluded that the four wood lots mentioned in Mrs. Bowden's 1923 deed to Ide did not constitute any part of the locus, "that the . . . [locus] is not included in the deed of either party . . . and that it would seem as though in making the division of the Barney estate this lot had been inadvertently omitted . . . [with the consequence] that very probably . . . [Mrs. Bowden] and . . . Ide are . . . owners . . . as tenants in common." The judge found that there was no mutual mistake at the time of the deeds and that Mrs. Bowden had not established that Ide held the locus on constructive trust for her. A decree was entered dismissing the bill. On appeal, the Supreme Court of Rhode Island in a per curiam decision, *Bowden* v. *Ide*, 52 R. I. 362, affirmed the decree in language which completely nullifies the Superior Court judge's findings and conclusions, so far as now relevant. It approved (at p. 365) the finding that there was no mutual mistake and a further finding that no fraud had been established. The court then proceeded, "It is clear that . . . [Ide] knew the land was in Massachusetts and, in spite of . . . [Mrs. Bowden's] testimony to the contrary, it is hardly conceivable that she did not know that this land which she considered part of her father's farm, on or near which she had lived for most of her life, was in Massachusetts and not in her native state. After her father's decease, she and her sister conveyed a right of way across this tract. We cannot find that the evidence clearly shows . . . [Ide] to be unjustified in a belief that . . . [Mrs. Bowden] intended to release to him her interest in all land which was situated in Seekonk and owned by her father at the time of his decease. As our determination would not be binding upon the Massachusetts courts we express no opinion upon the legal question whether the description in . . . [Mrs. Bowden's] deed to . . . [Ide] was sufficient to release to the latter her in-

terest in the land in question.'' We think it obvious from this language that the judges joining in the majority opinion of the Supreme Court of Rhode Island did not regard any matter with respect to the 1923 conveyances, now in issue, as settled by the litigation in that court. Accordingly, we do not treat the decision of the Rhode Island courts as in any way precluding Ide from pressing the present proceeding.

Despite the ambiguity of the 1923 deed to Ide, the record warrants the Land Court judge's conclusion that Ide obtained complete title to the locus in 1923. Ide's 1923 conveyance to Mrs. Bowden definitely bounded by the State line the parcel which he granted and deeded to her only land in Rhode Island. Mrs. Bowden in her deed to Ide purported to grant only land in Seekonk, Massachusetts, and also said that she was conveying all the property ''in Seekonk . . . belonging to [the] estate of John P. Barney.'' This language might not operate to enlarge an earlier narrower, accurate and specific grant in the same deed. See *Tyler* v. *Hammond,* 11 Pick. 193, 212–213; *Cowden* v. *Cutting,* 339 Mass. 164, 172. It does serve, however, to explain the parties' intention, where the description of the parcels granted was ambiguous, and where assistance may properly be obtained from general language. See *Haskell* v. *Friend,* 196 Mass. 198, 202; Swaim, Crocker's Notes on Common Forms (7th ed.) § 210. See also *Lynnfield* v. *Peabody,* 219 Mass. 322, 337. Cf. *Krinsky* v. *Hoffman,* 326 Mass. 683, 688. Upon the facts the trial judge reasonably concluded that the parties to the 1923 transaction intended to partition at the State line all of the estate owned by them in common and that Ide was to have, and was given, all such land in Massachusetts, including the locus.

*Decision affirmed.*