FRANCIS S. ROSE & another *vs.* JOSEPH RUSIECKI & others.   May 2, 1962.   Amended decision affirmed.   The only issue raised by this appeal from a decision as amended of the Land Court, ordering the registration of the locus, is the location of the south boundary.   We apply the standards of review set out in *Cerel* v. *Framingham,* 342 Mass. 17, and *Ide* v. *Bowden,* 342 Mass. 22.   We have examined the decision which includes the observations made and conclusions reached by a registered land surveyor as the result of detailed research and field work on the locus. We have considered the numerous documents incorporated in the decision by reference.   We see no error in the establishment of the south boundary. It is unnecessary to consider the question of adverse possession.

*Charles W. Powers* for the petitioners.

*Talbot T. Tweedy* for the respondents Joseph Rusiecki & another.

*Leonard Nataupsky (Meyer Pressman* with him) for the respondent Trustee of Children's Camp Fund.

RAY P. DUSTRUDE, JR.'S., CASE.   May 2, 1962.   Decree affirmed.   The Industrial Accident Board found (a) that the claimant, Dustrude, the operator of a tractor-drawn trailer, was an employee of the uninsured "owner-operator," Leighton; and (b) that Leighton was, as to the insured carrier and trailer owner, Chicago Express, Inc., an independent contractor under a "trip lease" arrangement.   See *American Trucking Assns. Inc.* v. *United States,* 344 U. S. 298, 302–306.   The findings were not without evidential support and were not tainted by error of law.   *Van Bibber's Case,* 343 Mass. 443, 447.   They are determinative of the case. Costs of this appeal may be allowed by the single justice under G. L. c. 152, § 11A.

*Walter I. Badger, Jr. (George J. Shagory* with him) for the insurer.

*John R. Hally* for the claimant.

MARION E. WALKER *vs.* VIRGINIA WALKER & others.   May 3, 1962.   Decree affirmed.   This is an appeal from a decree of the Probate Court framing a jury issue in the matter of the alleged will of the late George P. Walker.   The only issue ordered to be framed was the "fraud or undue influence" of Marion E. Walker, widow of the deceased and the proponent of the will.   A hearing was held upon written statements of counsel for the contestants and counsel for the proponent of expected evidence.   The principles of law governing the framing of jury issues have been stated so frequently that there is no need for extended citations.   *Morin* v. *Morin,* 328 Mass. 33, 34.   We have examined the statements of expected evidence and, after giving due weight to the decision of the probate judge, we conclude that there was no error in framing the issue.   *Tarricone* v. *Cummings,* 340 Mass. 758, 763.

*James D. St. Clair (Harry M. Lack* with him) for the proponent.

*Avram G. Hammer (William Tick* with him) for the contestants.