LEWIS J. COMEAU & another *vs.* MARTIN MANZELLI.

Middlesex.    March 6, 1962. — May 11, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Way,* Private: creation, extent. *Easement. Deed,* Construction, Of easement. *Land Court,* Appeal.

An appeal from the final order of the Land Court in a registration proceeding brings to this court the question of law whether the order is correct on the facts stated by the judge in his decision. [376]

Where the location of a granted right of way was described in the deed by specific, detailed courses and distances whereby, actually, the location did not extend to a certain street, the fact that the location was referred to in the deed as running "to" the street and was so indicated on an accompanying plan was not ground for construing the grant as extending the location a substantial distance beyond its described limit so as to connect it with an alleged "way" running from the street into the servient parcel. [379]

In the construction of a deed granting a right of way over a location described by specific, detailed courses and distances whereby the location in fact did not extend to a certain street, recitals in the description that lines of the location ran "to" and "by" the street did not permit application of the principle that monuments control distances where it appeared that between the end of the described location on the servient parcel and the street there was intervening land not owned by the grantor. [379–380]

A conclusion that an old "way" between a street and a railroad location had been abandoned was justified by the facts that for many years the way had been barred at the street, that there was no opening into the way through the fence along the railroad location, and that there were trees on the way and it was impassable. [380]

Where the location of a granted right of way was intended to extend from the dominant parcel to a certain street so as to furnish the dominant parcel access to the street, but, as granted, failed to reach the street and constituted a mere "cul de sac" on the servient parcel, the owner of the

dominant parcel was not entitled to use the location "to back trucks in and out and load at the edge of" the dominant parcel; the grant of the right of way never accomplished its purpose and was a nullity, and the owner of the servient parcel was entitled to register it free of the right of way.  [381–382]

Petition filed in the Land Court on June 13, 1960.

The case was heard by *Cotton,* J.

*Owen P. Maher (Earle C. Parks* with him) for the respondent.

*Joseph E. Perry* for the petitioners.

KIRK, J.   This is a petition under G. L. c. 185 for registration of title to a tract of land (the locus) in the town of Belmont.   The respondent Manzelli objected to the registration as prayed for unless it was subject to a right of way extending from the respondent's adjoining land to Pleasant Street in Belmont.   The Land Court ruled "that petitioners are to have the title to the land described in their petition . . . registered in their names free and clear of any rights of way over the same; and that respondent has no right of way thereover; (subject, however, to any encumbrances disclosed by the abstract not here in issue)."   The respondent appealed.   G. L. c. 185, § 15; c. 231, §§ 96, 142.

The case comes to us on the decision of the judge of the Land Court which incorporates by reference the examiner's abstract, the Land Court plan, and certain exhibits.   "An appeal from the Land Court brings before this court only questions of law apparent upon the record.   Findings of fact cannot be revised."   *Cerel* v. *Framingham,* 342 Mass. 17, and cases cited.   "The question is whether the ultimate order is correct in law upon the facts found by the judge in his decision, including the documents incorporated therein by reference."   *Ide* v. *Bowden,* 342 Mass. 22, and cases cited.

The locus is made up of three parcels which the petitioners acquired through three different chains of title.   The judge found that the relative locations of these three parcels are accurately shown on a 1958 plan which was recorded with the deed whereby the petitioners acquired parcel B and which is in substance reproduced herewith.

* This WAY did not appear on the
1958 PLAN and is shown here
merely for reference.

Parcel A was acquired by the petitioners from one Nalbandian by a deed dated September 10, 1952. The northeasterly boundary of this parcel is described in the 1952 deed as "a parcel of land marked WAY 20.50 feet." The plan referred to in this deed shows that the WAY extended from Pleasant Street into parcel B which was at that time owned by the Boston and Maine Railroad (the Railroad).

By a deed dated January 27, 1956, the Railroad conveyed parcel D to the respondent Manzelli. (At this time, as mentioned, the Railroad also owned parcel B.) By this same deed the Railroad conveyed to the respondent "the Right to use in common with said . . . Railroad, its successors and assigns, . . . for passing and repassing and driveway purposes, a strip of land bounded and described as follows: Beginning at the most Easterly corner of said first above described parcel [parcel D], thence running through remaining land of said Boston and Maine Railroad [parcel B] on 2 courses as follows: North 41° 20' 45" East 101.86 feet and North 22° 33' 15" West 37.23 feet to Pleasant Street, so-called; thence turning and running South 41° 20' 45" West by said Pleasant Street 17.82 feet; thence turning and running through the remaining land of said . . . Railroad [parcel B] on 2 courses as follows: South 22° 33' 15" East 20.41 feet and South 41° 20' 45" West 90.89 feet to said parcel [parcel D]; thence turning and running South 45° 24' 47" East by said parcel 16.03 feet to point of beginning, be all of said measurements more or less, said strip being 16 feet in width and containing about 2,011 square feet and being marked 'DRIVEWAY' upon" a plan of January, 1956, recorded with this deed.

By a deed dated September 15, 1958, the Railroad conveyed parcel B to the petitioners. This deed recited that the conveyance was "made subject to the Right of Martin W. Manzelli, his heirs and assigns, . . . to pass and repass over said parcel via an existing driveway having a width of 16 feet as more particularly described in an instrument dated January 27, 1956, from Boston and Maine to Martin W. Manzelli, . . . said driveway being shown marked '16' Driveway' on" the 1958 plan which was recorded with the

deed of September 15, 1958.

The petitioners acquired parcel C from the town of Belmont by a deed dated December 8, 1958. In 1956, the respondent acquired, in addition to parcel D, parcel E which lies between parcel D and Pleasant Street.

The respondent does not dispute the fact that the easement, as described in its 1956 deed from the Railroad, did not then and does not now extend to Pleasant Street. The respondent contends, however, that since the intent of the Railroad in the 1956 deed was to grant to the respondent an easement over parcel B which would provide the respondent with access to Pleasant Street, such intent can and should be effectuated by construing the granted easement as extending to the WAY and thence to Pleasant Street. The judge of the Land Court rejected this contention. We agree.

The course and measurements of the easement granted by the Railroad to the respondent were minutely described in the 1956 deed and graphically depicted on the plan recorded with that deed. There is no indication that this easement was intended as a connection between parcel D and the WAY. The WAY is neither mentioned in the deed nor depicted on the plan.[1] Further, as the judge found, the granted easement failed to reach this WAY "by some 35 or 40 feet." It is apparent, both from the language of the Railroad's grant to the respondent and from the plan filed with the deed, that the Railroad and the respondent assumed that the easement, as described in the deed and charted on the plan, did, of itself, extend to Pleasant Street.[2]

---

[1] There is also no mention of this WAY in the 1958 deed of parcel B, by the Railroad to the petitioners, which made said parcel B subject to the easement granted to the respondent in 1956; nor is this WAY depicted on the 1958 plan which was recorded with this 1958 deed and on which the respondent's easement was charted. See reproduction.

[2] In the plan filed with the 1956 deed of parcel D no land is shown lying between the end of the easement and Pleasant Street, thus giving the appearance that the easement extends all the way to Pleasant Street. The engineer who drew this plan testified that "when he made the Manzelli Plan in 1956 Pleasant Street is only generally located, and he does not know why [the] intervening abutter was not put in." He also testified that "when he made the Comeau Plan in 1958 Pleasant Street was definitely located by four stone bounds checked with Town plans and the intervening lands of Comeau and the Town were indicated." See reproduction.

The respondent argues that "the grant is to Pleasant Street, thereby establishing a monument," and refers us to the familiar rule that "[b]oundaries by . . . monuments control distances in the construction of a deed." *Daviau* v. *Betourney,* 325 Mass. 1, 2, and cases cited. The argument would have weight if the Railroad in 1956 had owned parcel A and was thus capable of granting the easement in the course described all the way to Pleasant Street. It is evident, however, that the cited principle of construction has no application where, as here, an easement, the course and measurements of which have been carefully charted, cannot, as described, extend to a purported monument boundary because of the grantor's lack of ownership of land lying between the end of the described easement and the purported monument boundary. Nor do we think that by virtue of the cited rule the granted easement should be construed so as to extend to the WAY. By such a construction we would arbitrarily disregard the carefully defined intent of the grantor that the easement be restricted to the course described in the deed and depicted on the plan recorded with the deed. The mistaken assumption of the grantor that the easement provided access to Pleasant Street is no reason for such an improper application of this settled rule of construction.

Moreover, with respect to the WAY, the judge found that "so far as it ever existed it is abandoned and not an easement or encumbrance on the title or land of the petitioners." In support of this conclusion the judge stated that "all the testimony was to the effect that this ancient way had been closed and abandoned for over twenty years. The railroad fence has no gate or way location, has always been barred at Pleasant Street, and is impassable. Trees are in the area and iron posts are on the street . . . ."

On these facts, a finding of abandonment was warranted. See *Delconte* v. *Salloum,* 336 Mass. 184, 188, and cases cited. It follows that there was no error in the ruling of the Land Court that the respondent is not entitled to a right of way to Pleasant Street over the petitioners' land.

The respondent contends, nevertheless, that, even if the granted easement does not provide access to Pleasant Street, it has the right to use the easement area "to back trucks in and out and load at the edge of his own land by driving into the easement area"; and that, therefore, the Land Court erred in ordering the petitioners' title to be registered free and clear of any right of way in the respondent. On this issue the judge found as follows: "The intent and purpose of the easement between the parties was to provide access to Pleasant Street which was not, and never has been, accomplished in fact nor in law. It was its only purpose. The respondent's claim, as set forth in his answer, is to a right of way to Pleasant Street. All he has by the grant is a cul de sac of no use or enjoyment to him. It creates a cloud upon petitioners' title and is a useless condition. I find that the purpose and intent of the grant failed, and the claim of respondent of access to the street also has failed; there is no reason to burden petitioners' title with such an easement in which there is no substance."

We think that the judge was plainly correct in concluding that the sole purpose of the easement was to provide the respondent with access to Pleasant Street. In *Makepeace Bros. Inc.* v. *Barnstable,* 292 Mass. 518, 525, we stated "When a right in the nature of an easement is incapable of being exercised for the purpose for which it is created the right is considered to be extinguished." "In other words, where the easement is stated to be for a limited purpose it is limited to the purpose stated." *Delconte* v. *Salloum,* 336 Mass. 184, 190, and cases cited. It is true that this rule has evolved in cases where, although the easement upon its creation was capable of being used for the purpose for which it was created, events subsequent to its creation have rendered impossible its use for this purpose. See *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, 410, and cases cited. We think the rule is at least equally applicable where, as here, the only purpose for which the easement was created was, at the time of the creation of the easement, and has since remained, impossible of attainment. The Railroad,

as the respondent concedes, intended and attempted to grant to the respondent an easement, on the course described, all the way, and not ninety per cent of the way, to Pleasant Street. This it could not do. The respondent never has been able to use the easement area as a means of access to the street. This being so, and there being no other purpose for which the easement area can be used, the result is that the respondent never had, and has not now, the right to use the easement area for any purpose. The purported grant of the easement was a nullity. The judge was correct in ruling that this cloud on the petitioners' title should be cleared.

*Decision affirmed.*