DANIEL A. LAROSE *vs.* JEAN M. LEGER, administratrix.  JEAN M. LEGER,
administratrix, & others *vs.* BERNARD D. LAROSE & another.  April 29,
1966.  These are cross-actions in tort arising out of a collision of auto-
mobiles on October 30, 1959.  The case of Daniel A. LaRose, the owner
of one of the cars involved, is for property damage and is against Jean M.
Leger, administratrix of the estate of her late husband, Robert R. Leger,
who was the driver of the other car and who was fatally injured in the
accident.  The other case is for personal injuries suffered by Jean M.
Leger, Daniel F. Leger and G. Bruce Wickett and by Jean M. Leger,
administratrix, for conscious suffering and death of Robert R. Leger,
against Bernard D. LaRose and Daniel A. LaRose.  Bernard is the son of
Daniel and was the driver of the LaRose car.  In the first case the jury
returned a verdict for the plaintiff.  In the second case the jury returned
verdicts for the defendants on all counts.  The cases are here on the
exceptions of the defendant in the first case, and by the plaintiffs in the
second case.  They contend that the trial judge was in error in refusing
to charge the jury in accordance with a number of their requests for in-
structions.  We have examined the many requested instructions and dis-
cern no benefit to our judicial lore from an enumeration or discussion of
them.  We are satisfied that the substantive principles to which they re-
late were adequately covered in the instructions to the jury.  *Common-
wealth* v. *Monahan,* 349 Mass. 139, 170–171.

*Exceptions overruled.*

*John T. Quirk, Jr.,* for Jean M. Leger, administratrix, & others.
*Philip A. Brooks* for Bernard D. LaRose & another.


ALLISON A. MORSE *vs.* ROLAND J. AUBUT.  April 29, 1966.  The judge
of the Land Court ruled that the petitioner was entitled to a decree reg-
istering title to certain land (the locus) in Swansea described in the peti-
tion.  The respondent appeals, contending that the locus includes a parcel
of land owned by him.  "An appeal . . . brings before this court only
questions of law apparent upon the record.  Findings of fact cannot be
revised."  *Cerel* v. *Framingham,* 342 Mass. 17, 18.  *Comeau* v. *Manzelli,*
344 Mass. 375, 376.  "The question is whether the ultimate order is correct
in law upon the facts found by the judge in his decision, including the
documents incorporated therein by reference."  *Ide* v. *Bowden,* 342 Mass.
22, 24.  In light of this standard, a review of the record before us, which
includes documents, leads us to the conclusion that there was no error in
law and that the judge was right in his ultimate finding "that the peti-
tioner has sustained the burden of proof that he holds title to the land
described in the petition."

*Decision affirmed.*

*Charles I. Tucker* for the respondent.
No argument or brief for the petitioner.