*Southern District*

**RICHARD J. BURNS et al**

v.

**FRANK SAWYER** d/b/a
MOTOR VEHICLES.

*Present:* Nash, C.J., Cox, Lee, J.J.

Argued: — 1967.          Decided — 1967.

Case tried to *Colten, J.* in the Municipal Court
of Brookline, No. 21—1965.

Cox, J. When this case first came to our at-
tention it was because of the plaintiffs' claim
that the amount of $90.70 awarded for dam-
age to the clutch and transmission of their mo-
tor vehicle was inadequate. [Reported in 17
LEGALITE 210]. As the record did not, in
our opinion, fairly present the question of
which review was sought, we remanded the case
to the justice for extension of the report. The
case was returned to us in due course and a
new trial was ordered on the issue of dam-
ages only. The case is again before us on the
same issue following the new trial.

An automobile service man called by the
plaintiffs testified that the cost of repair of the
vehicle would be $265.50. He had not examined
the car and did not know how the damage oc-
curred. He saw the damaged parts after they
were taken apart. He did not know the price
of parts but admitted that $83.75 would re-
place the transmission and clutch and would
restore the vehicle to proper operating condi-
tion. There were photographs which showed
the hook in the rear of the vehicle to which
a house trailer had been attached and damage
to the vehicle sustained before it came to the
parking lot where the damage to the trans-
mission and clutch is alleged to have occur-
red. There was evidence by the parking lot at-
tendant that he pulled the car forward

about a car's length to let someone out and that when he backed it up he heard a noise following which the car stopped. The noise was his first warning that something was wrong.

The justice was not required to accept the plaintiffs' evidence that the damage for which the defendant was responsible was $265.50. There was evidence to warrant a finding of prior damage to the vehicle and that the amount for which the defendant is responsible is much less than the amount the plaintiffs claim. On the record before us we cannot see that the justice's conclusion was not warranted. *Dalton* v. *Demos Brothers General Contractors, Inc.,* 344 Mass. 377, 378-379.

The plaintiffs have failed to show any prejudicial error. Accordingly, the report should be dismissed.

HERBERT LORD
　of Winchester for the Plaintiff
JOHN L. MURPHY
　of Boston for the Defendant