BEECHWOOD VILLAGE CONDOMINIUM TRUST vs. USALLIANCE FEDERAL CREDIT UNION, 100 Mass. App. Ct. 192

 
 TRUSTEES OF THE BEECHWOOD VILLAGE CONDOMINIUM TRUST vs. USALLIANCE FEDERAL CREDIT UNION & others. [Note 1]

100 Mass. App. Ct. 192
 May 6, 2021 - September 7, 2021

Court Below: Land Court
Present: Meade, Englander, & Grant, JJ.

 

Real Property, Condominium, Easement, Mortgage. Condominiums, Master deed, Development rights, Common area. Easement. Mortgage, Real estate. 

In a civil action brought in the Land Court, arising from a dispute between the plaintiff condominium trust and the defendant mortgage lender concerning the right to construct additional units (the developer having ceased operations at the site after some but not all of the phases had been built), this court declined to resolve the issue whether the developer's reserved phasing rights constituted an easement or another kind of property interest but nevertheless concluded that the developer had retained those rights and that they had not expired, where, despite the fact that the developer lacked access rights, the phasing rights continued to have economic value and there was no evidence of an intent by the developer to abandon them. [195-198]

CIVIL ACTION commenced in the Land Court Department on April 29, 2016.

 Following review by this court, 95 Mass. App. Ct. 278 (2019), the case was heard by Michael D. Vhay, J., on motions for summary judgment.

 Thomas O. Moriarty for the plaintiff.

 Charles G. Devine, Jr., for USAlliance Federal Credit Union.

 MEADE, J. This matter involves the continuing validity of the right of the declarant of the master deed of the Beechwood Village Condominiums (condominium) to add units to the condominium in phases (phasing rights). In Trustees of the Beechwood Village Condominium Trust v. USAlliance Fed. Credit Union, 95 Mass. App. Ct. 278, 292 (2019) (Beechwood I), we concluded, among other things, that the declarant's phasing rights had not 

 Page 193 

expired under the terms of the master deed. [Note 2] We also concluded, however, that the declarant's construction and access easement rights had expired under the terms of the master deed, and that other easement rights reserved by the declarant were insufficient to allow the declarant to travel to portions of the condominium property for purposes of constructing additional phases. Id. at 291-292. We remanded to the Land Court for the entry of declarations consistent with our decision. Id. at 292. In doing so, we declined to reach the argument of the trustees of the Beechwood Village Condominium Trust (condominium trust) that the declarant's phasing rights should be declared a nullity, as that issue had not been meaningfully raised before the Land Court judge. Id. at 291-292.

 On remand, the judge addressed and rejected the argument that the declarant's phasing rights had been extinguished, concluding that they continued to "have a purpose and value." Further, the judge declared that because the declarant's phasing rights remained in force, the condominium trust was not entitled to exercise phasing or other development rights pursuant to G. L. c. 183A, § 5 (b) (2) (iii). The condominium trust now appeals. We affirm.

 Background. The condominium was established by a master deed recorded on March 9, 2007. Beechwood I, 95 Mass. App. Ct. at 280. The facts surrounding the creation of the condominium are set forth in detail in Beechwood I and we do not repeat them here. For purposes of this appeal, we recite only those facts that are necessary to resolve the issues before us.

 USAlliance Federal Credit Union (USAlliance) provided financing for the development of the condominium. [Note 3] USAlliance's loans were secured by a mortgage on the property that included 

 Page 194 

a security interest in the rights reserved by the declarant in the master deed. See Beechwood I, 95 Mass. App. Ct. at 289. Although mentioned elsewhere in the master deed, the declarant expressly reserved phasing rights in article 4 of the master deed. Article 4A of the master deed provided that "[t]he [d]eclarant intends, and hereby reserves the right, but not the obligation, to create as many as [thirty] additional phases . . . ." The declarant also reserved "the right to grant mortgages on future phases at any time . . . including all rights of [d]eclarant to add phases, develop, own and sell Units, and all other rights reserved herein by [d]eclarant . . . ."

 "As the units were sold, all of the common area was included with them. As more units were sold, the percentage interest of each unit in the common area was gradually reduced, but the ownership of the whole of the common area remained with the unit owners." Beechwood I, 95 Mass. App. Ct. at 288. In addition, Mark S. Gardner (see note 3, supra) and USAlliance executed releases for each unit sold, thereby releasing their mortgage interests in the units and the units' percentage interest in the common area. See Beechwood I, supra. We determined that by releasing their mortgage interests in the units sold, Gardner and USAlliance had also released their mortgage interests in all of the condominium's common areas, including the real property. See id. at 288-289. Each unit owner, however, took title subject to the master deed and the declarant's reserved rights. See id. at 289. We concluded in Beechwood I that USAlliance's remaining mortgage interest extended only to the rights the declarant had reserved to itself in the master deed. See id.

 The master deed provided that some rights reserved by the declarant expired seven years from the date the master deed was recorded; other rights had no termination date. As noted above, we determined in Beechwood I, 95 Mass. App. Ct. at 289-291, that the declarant's phasing rights had no expiration date and, therefore, had not expired, but that the declarant's reserved construction and access easement rights were limited to seven years and had expired. We also concluded that the declarant's other reserved rights, while they were not subject to the seven-year limitation and had not expired, were insufficient to allow the declarant access to construct additional phases. See id. at 290-291. The upshot of these rulings was that while the declarant retained the right to create additional phases, it did not then have the right of access that was necessary to construct any such phases. 

 Page 195 

 We remanded for entry of the appropriate declarations, and left it to the judge and the parties to decide whether to consider the issue raised by the condominium trust for the first time on appeal -- that is, whether the declarant's reserved phasing rights are a nullity because they cannot be exercised without construction and access easement rights. See id. at 292.

 The issues after remand, as described by the judge, were whether (1) the declarant's "phasing rights have been extinguished" because the declarant cannot presently "exercise them and [they] are otherwise without purpose"; (2) because the declarant's phasing rights are extinguished, the condominium trust may exercise its right under G. L. c. 183A, § 5 (b) (2) (iii), "to add additional units to the [c]ondominium"; and (3) the Gardner and USAlliance mortgages are "nullities" because the declarant's phasing rights represented their final mortgage interests in the condominium and have expired. On cross motions for summary judgment after remand, the judge concluded that the declarant's phasing rights are in essence easement rights, and thereby governed by the common law regarding extinguishment of easements. The judge likened the reserved rights to "profits à prendre," which, the judge concluded, may be extinguished by abandonment or obsolescence. The judge concluded, however, that the phasing rights had not been abandoned, as the record demonstrated no intent to abandon, and that the rights were not obsolete because it was not factually or legally impossible that they could be exercised in the future. The judge reasoned that the declarant's present lack of easement rights did not amount to a permanent deprivation of such rights. The declarant and the condominium trust together held all the property rights necessary to construct additional phases, and the two entities accordingly could "reach a deal" if they so chose. In an amended judgment, the judge also declared that (i) "USAlliance's mortgage interest in the [c]ondominium . . . is limited to [the declarant's] reserved rights," and (ii) because the declarant "continues to hold the phasing rights reserved in article 4A of the Master Deed, the [condominium trust] is not entitled to exercise those rights under" G. L. c. 183A, § 5 (b) (2) (iii).

 Discussion. "Summary judgment is to be granted where, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." R.L. Currie Corp. v. East Coast Sand & Gravel, Inc., 93 Mass. App. Ct. 782, 783 (2018). We review the grant of summary judgment de novo. Id. at 784.

 Page 196 

 The condominium trust seeks to have the declarant's phasing rights declared to be extinguished or otherwise invalid. The condominium trust agrees with the judge that the reserved rights are in the nature of an easement and are subject to the common law rules on extinguishment of easements, but argues that the judge erred in concluding that the rights have not been extinguished due to impossibility. USAlliance argues that the declarant's reserved rights are a different kind of property interest, not an easement, and are not subject to extinguishment. Alternatively, USAlliance argues that even if the declarant's reserved rights constitute an easement, the judge correctly concluded that it has not been extinguished.

 "An affirmative easement 'creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement.'" Martin v. Simmons Props., LLC, 467 Mass. 1, 8-9 (2014), quoting Patterson v. Paul, 448 Mass. 658, 663 (2007). "The salient difference between an easement and an estate is only that the holder of an easement does not possess the realty as does an estate owner; rather, the holder may use the land burdened by the easement to the extent defined by its terms." Citation Ins. Co. v. Newman, 80 Mass. App. Ct. 143, 148 (2011).

 The Supreme Judicial Court has considered when rights reserved by a developer of a condominium are tantamount to easements. In Commercial Wharf E. Condominium Ass'n v. Waterfront Parking Corp., 407 Mass. 123, 125 (1990) (Commercial Wharf), the developer retained the right to control the condominium's parking lot. In examining the nature of the reserved right, the court recognized that "the right to operate a business upon the land of another could be a lease, a management contract, or a mere license." Id. at 134. The court concluded, however, that in the document at issue, there was a clear "intent to create a permanent interest in property" -- the permanent right to control the parking lot -- and concluded that the reserved right was characteristic of an easement, and not a lease or a license. [Note 4] Id. In response to an argument that the reserved rights were so extensive that they left no interest in the parking lot to the condominium association, the court stated:

"There may be instances where the extent of the privileges

 Page 197 

 retained by a developer over land sold to others would be unreasonable or, where appropriate, held to be violative of the condominium act. That is not the case here, however. As discussed below, there are unique circumstances on Commercial Wharf, and there was no overreaching or fraud on the part of the developer. The fact that the developer (and now Waterfront) are entitled to be present on the [condominium a]ssociation's land for certain limited purposes does not make its control over that land complete. Many easements allow for the presence of the dominant estate owner or his instrumentalities on the servient estate."

Id. at 134 n.5.

 Here, the declarant's reserved phasing rights have many attributes of an easement. The declarant reserved the right to permanently add units by further dividing and developing parts of the condominium common property. The declarant also reserved the right to grant temporary and permanent easements over the condominium land. A distinguishing factor from the definition of easement, however, is that the reserved right ultimately allowed the declarant to not only permanently add units to the condominium property, but also to reduce each unit owner's percentage fee interest in the common area. These latter rights are not characteristic, in our view, of a traditional easement. Moreover, the declarant's reserved rights have a possessory component, as they allowed the declarant to develop parts of the common area to be conveyed as new units. Consequently, the argument that the declarant retained an interest that is more than an easement has some force. It may well be that the common law concept of extinguishing an easement does not apply to the declarant's reserved rights.

 In the circumstances of this case, however, we need not decide the question whether the declarant's interest constitutes an easement or another kind of property interest. That is because we agree that even assuming that the phasing rights are an easement and are susceptible to being extinguished, there was no evidence here of an intent to abandon the declarant's rights. "Abandonment of an easement requires a showing of intent to abandon the easement by acts inconsistent with the continued existence of the easement." Cater v. Bednarek, 462 Mass. 523, 528 n.15 (2012). Far from acting to abandon their rights, the declarant, and then USAlliance, have been defending their rights in extensive litigation over many years.

 Page 198 

 Moreover, while it is true that "[w]hen a right in the nature of an easement is incapable of being exercised for the purpose for which it is created the right is considered to be extinguished," Comeau v. Manzelli, 344 Mass. 375, 381 (1962), quoting Makepeace Bros., Inc. v. Barnstable, 292 Mass. 518, 525 (1935), "[a]n interest in the nature of an easement is not terminated when the purpose for which it is created is neither totally nor permanently impossible of enjoyment." First Nat'l Bank of Boston v. Konner, 373 Mass. 463, 468 (1977) (Konner). As in Konner, here the judge essentially found that the circumstances preventing the exercise of the phasing rights were not entirely beyond the control of the declarant. Rather, the judge viewed the issue as one that could be resolved, at least potentially, through a negotiated transaction. In Comeau, supra at 381-382, the sole purpose of the easement at issue was to provide access to the public way; where the servient estate did not extend to the public way and there was no other purpose for the easement, it was declared extinguished. In contrast, we have recognized "[t]hat the right to develop future condominium units has economic value . . . ." First Main St. Corp. v. Board of Assessors of Acton, 49 Mass. App. Ct. 25, 27 (2000). See id. at 27-28 (economic value of right to develop condominium "persuasively illustrated by" sale of those rights for $972,000). Admittedly, the phasing rights without access easement rights may be less valuable, but we agree that they continue to have value. The judge also properly determined that the legal and physical act of adding additional units to the condominium remains capable of being achieved. The declarant cannot accomplish it without an easement from the unit owners. The unit owners cannot add additional units because the declarant's phasing rights have not "expired," as that term is used in G. L. c. 183A, § 5 (b) (2) (iii). This may currently create a commercial stalemate, but it does not give rise to the "impossibility" that is required to declare that the declarant's reserved right to add additional phases has been extinguished.

Amended judgment dated May 12, 2020, affirmed.

FOOTNOTES
[Note 1] Jeffrey S. Reale, trustee of the Beechwood Village Realty Trust, and Sean P. Fallon. Fallon had been allowed to intervene as a defendant but the judge noted that he "has dropped out" of the case because he and USAlliance Federal Credit Union "have resolved the issues that caused Fallon to intervene in this case." 

[Note 2] The declarant was the Beechwood Village Realty Trust (trust). Jeffrey S. Reale was the trustee of that trust and executed the master deed. We noted in Beechwood I, 95 Mass. App. Ct. at 278 n.1, that Reale stipulated that a default pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), "shall enter against" him, and that he "'shall be bound by' the outcome of this action." The judge noted on remand that Reale "remains a passive observer." 

[Note 3] Prior to obtaining a loan from USAlliance, Jeffrey S. Reale, trustee of the Beechwood Village Realty Trust, granted a mortgage to Mark S. Gardner, trustee of the Mark S. Gardner Trust u/d/t dated July 28, 1997. By a subordination agreement dated April 11, 2007, Gardner agreed to subordinate his mortgage to USAlliance's mortgage. On February 10, 2012, Gardner assigned his "mortgage and the note and claim secured thereby to" USAlliance. As a result, USAlliance is the only lender involved in this appeal. See Beechwood I, 95 Mass. App. Ct. at 281-282. 

[Note 4] In Commercial Wharf, 407 Mass. at 134 n.4, the court rejected an argument that the reserved parking rights constituted a profit à prendre. Similarly, here, whatever profit the declarant might have made from the condominium property, it was not from the removal of natural products from the property. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.