ADELINE SLATER *vs.* T. C. BAKER COMPANY.

THOMAS A. SLATER, administrator, *vs.* SAME.

Norfolk.   October 19, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Proximate Cause.   Negligence,* Motor vehicle, Proximate cause, Violation
    of statute.

The mere fact that, acting within the scope of his employment, an em-
    ployee of the owner of a motor vehicle which was equipped with a lock
    and ratchet brake as described in G. L. c. 90, § 7, left the vehicle parked
    on a public way unlocked, with the key in the lock and the ratchet
    brake not fully set, is not evidence of negligence warranting a verdict
    for the plaintiff in an action against the owner by one injured through
    negligent driving of the vehicle by one who, without the permisson or
    knowledge of the owner, feloniously took it from the parking place and
    afterwards ran into the plaintiff.

TWO ACTIONS OF TORT, the first for personal injuries re-
ceived by the plaintiff therein, and the second for conscious
suffering and the death of Arthur Slater.   Writs dated,
respectively, December 15, 1924, and January 23, 1925.

In the Superior Court, the actions were tried together
before *Keating,* J.   Material evidence is stated in the opinion.
At the close of the evidence, the judge ordered verdicts for
the defendant.   The plaintiffs alleged exceptions.

*G. I. Cohen,* ( *F. D. Harrigan* with him,) for the plaintiffs.

*K. C. Parker,* for the defendant.

BRALEY, J.   These are actions of tort to recover damages
for personal injuries suffered by Adeline Slater and for the
death of Arthur Slater, alleged to have been caused by the
negligence of the defendant.   The trial judge at the close of
the evidence directed a verdict for the defendant in each
action and the plaintiffs excepted.   It was agreed by the
parties that the defendant, a corporation, was engaged in
selling and repairing Ford automobiles with a service station
on Boylston Street, a public highway in the town of Brook-
line.   In connection with its business the defendant owned

and used a "Ford Roadster" for errands of emergency and light service work, and in the afternoon of August 27, 1924, this automobile was parked near the curbing on the side of Boylston Street nearly opposite the defendant's place of business by an employee of the defendant acting in the course of his employment. When parked, the automobile was left unlocked with the key in the lock, and the ratchet brake not fully set, while for three and one half hours it could be plainly seen from the defendant's place of business where its employees were at work. It was under these conditions that one Doherty without the permission or knowledge of the defendant or its employees feloniously appropriated the automobile and drove it at a high rate of speed through the public streets a distance of a mile and one half to the place where the accident happened, which was caused by Doherty's negligence while the intestate and the plaintiff Adeline Slater were exercising due care. Section 7 of G. L. c. 90, among other provisions regulating the use and operation of motor vehicles on the public highways, requires that "automobiles shall be provided with a lock, a ratchet brake which can be set, a key or other device to prevent such vehicle from being set in motion by unauthorized persons." The jury undoubtedly could find that if locked the automobile could not have been purloined, set in motion, and operated, and the plaintiffs contend that the defendant's negligence in leaving the automobile unlocked was the proximate cause of the accident. "The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases," where this rule has been discussed and approved. *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570, 575. But the larceny of the automobile and its use by the thief were intervening independent acts which the defendant was not bound to anticipate and to guard against. *Glassey* v. *Worcester Street Railway,* 185 Mass. 315. *Jacobs* v. *New York, New Haven & Hartford Railroad,* 212 Mass. 96, 99. *Horan* v. *Watertown,* 217 Mass. 185, 186.

We discover no error in the rulings on the exclusion and admission of evidence, which did not tend to vary or control the agreed facts on which the plaintiffs based their right of recovery.

*Exceptions overruled.*