GEORGE GALBRAITH *vs.* JOSEPH LEVIN
(and a companion case [1]).

Suffolk.    April 7, 1948. — October 1, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Proximate Cause.   Motor Vehicle,* Registration.   *Negligence,* Violation
of law, Motor vehicle.   *Nuisance.*

The mere act of leaving an illegally registered automobile on a public
way, or of leaving it in a virtually unattended private parking lot
with the keys placed "over the sun visor," even if it constituted
negligence or a nuisance, could not properly be found to have been
the proximate cause of injuries subsequently sustained by a pedes-
trian when struck by the automobile while it was being operated by
a thief who had stolen it from the place where it was left; following
*Slater* v. *T. C. Baker Co.* 261 Mass. 424, and *Sullivan* v. *Griffin,* 318
Mass. 359, and overruling *Malloy* v. *Newman,* 310 Mass. 269.

TWO ACTIONS OF TORT.   Writs in the Superior Court
dated September 22, 1945, and September 15, 1945, re-
spectively.

The actions were tried before *Baker,* J.

*D. H. Fulton,* for the plaintiff.

*P. S. Ratzkoff,* for the defendants.

SPALDING, J.   These are two actions of tort for personal
injuries brought against the defendant Cohen (who owned
the automobile involved in the accident), and the defendant
Levin, his agent.   The declaration in each action contained
a count for negligence and one for nuisance.   Verdicts were
returned for the plaintiff, which were recorded under leave
reserved.   Thereafter, subject to the plaintiff's exceptions,
the judge entered verdicts for the defendants.   The correct-
ness of this action presents the only question for decision.

These facts could have been found.   Late in the after-
noon of January 12, 1945, while crossing Shawmut Avenue,
Boston, the plaintiff was struck by an automobile owned by
the defendant Cohen.   The automobile was driven by one

---

[1] The companion case is by the same plaintiff against Edward I. Cohen.

Burnash who had stolen it. Cohen, although a resident of this Commonwealth, had registered the automobile in New York but not here.[1] On the morning of the day of the accident the automobile had been parked in a licensed parking lot at the corner of Harrison Avenue and Harvard Street by Cohen's brother, a business associate, to whom Cohen had entrusted the automobile. Later in the morning Levin, an employee of the Cohens, was instructed by Cohen's brother "to take the car out and get chains." Levin returned from his errand with the automobile in about an hour, and in accordance with his instructions parked the automobile in the same parking lot, leaving the keys "over the sun visor." The parking lot was owned by one Hugo but he was not there that day. Levin did not see anyone who appeared to be in charge of the parking lot. One Crowley, who worked for an undertaker next door, testified that on January 12 he kept his eye on the lot from time to time and if he saw some one drive into the lot "he would go out and get the money." The lot had been used frequently by Cohen and his brother and was "the steady parking place for the firm." Early in the afternoon Levin went to the parking lot to get the automobile but it was not there. He subsequently learned that it had been stolen.

The defendants concede that the plaintiff was in the exercise of due care, that the automobile was illegally registered, and that it was being operated negligently at the time of the accident.[2] The plaintiff, notwithstanding the provisions of G. L. (Ter. Ed.) c. 231, § 85A, concedes that the person who was operating the automobile at the time of the accident was not the agent or servant of the defendant Cohen. This concession makes inapplicable our decision in *Pochi* v. *Brett*, 319 Mass. 197, 204.

---

[1] See G. L. (Ter. Ed.) c. 90, §§ 3, 9, as amended; *Rummel* v. *Peters*, 314 Mass. 504, 509.

[2] The evidence disclosed that Burnash, the thief, was driving the automobile at the time of the accident on Shawmut Avenue (a thickly settled district) at thirty miles an hour in a blinding snowstorm; that when the plaintiff was struck he tried to hang on to the hood or fender; that Burnash jammed on the brakes in an unsuccessful effort to throw the plaintiff off and then increased his speed; and that one of the other occupants of the automobile then brought it to a stop by putting on the emergency brake.

The principal controversy between the parties is whether the case is governed by *Malloy* v. *Newman,* 310 Mass. 269. The defendants argue that *Malloy* v. *Newman* is not controlling for the reason that here the illegally registered automobile was left not on a public way but on a private parking lot, and that our registration statutes, as construed in *Santa Maria* v. *Trotto,* 297 Mass. 442, 445–446, do not forbid this. The defendants further argue that if, nevertheless, *Malloy* v. *Newman* should be held to be applicable it ought to be overruled.

The plaintiff on the other hand contends that this case is on all fours with the *Malloy* case because there was evidence that the automobile at the time it was stolen was parked on the street. There was some evidence on which to base this contention. One Hurd, who was riding in the automobile at the time of the accident, testified that at about 3:30 on the afternoon of the day of the accident (which was prior to the accident) he and his wife, together with Burnash and one O'Brien, drove to Harrison Avenue in a taxicab, that they got out at Rose Street, that "there was another car there" (referring to the automobile which was involved in the accident), that O'Brien had the keys to it, and that they all got in and drove off. If these facts were found the case is not essentially different from *Malloy* v. *Newman,* and if that case is to be followed the judge erred in entering verdicts for the defendants. In the *Malloy* case the defendant left his unregistered automobile on a public way in Allston, with the doors unlocked and the key in the ignition switch. The defendant knew that there were many thefts of automobiles and that it was dangerous to leave an automobile unlocked and unguarded. Shortly after the automobile was parked it was stolen, and about two hours later the thief, while driving the automobile in Charlestown in a reckless manner, ran into and killed the plaintiff's intestate, a police officer. It was held that the act of the defendant in permitting his unregistered automobile to remain on a public way was evidence of negligence, and (two justices dissenting) that it could have been found that this negligence was the proximate cause of the death of the plaintiff's intestate.

The *Malloy* case did not purport to overrule the case of *Slater* v. *T. C. Baker Co.* 261 Mass. 424, decided fourteen years earlier, but attempted to distinguish it. In that case an employee of the owner of an automobile left it in the street unlocked, with the key in the lock, and with the "ratchet brake" not fully set. While so left the automobile was misappropriated by a thief who, while driving it in a negligent manner, injured one plaintiff and killed the intestate of the other plaintiff. This court, while apparently conceding that negligence of the defendant could be found from the manner in which its automobile had been left, held that the larceny of the automobile and its use by the thief were intervening independent acts which the defendant was not bound to anticipate and to guard against, and that the causal connection between the defendant's negligence and the subsequent injuries was broken by the larceny of the automobile and its use by the thief.

In *Sullivan* v. *Griffin*, 318 Mass. 359, which was decided by a unanimous court four years after the *Malloy* case, the *Slater* case was followed. There the defendant, who lived in Boston, parked his automobile partly in his driveway and partly on the sidewalk. It was left unattended with a window open and with the key in the ignition switch. Subsequently it was stolen by two boys, and while it was being negligently driven by a companion of one of them the plaintiff's intestate was knocked down and killed. It was held that although the defendant violated not only a city ordinance forbidding automobiles to be parked on the sidewalk but also G. L. (Ter. Ed.) c. 90, § 13, which prohibits one having control or charge of a motor vehicle from allowing "such vehicle to stand in any way and remain unattended without first locking or making it fast," and these violations were evidence of negligence on the part of the defendant, such negligence was not the proximate cause of the death of the plaintiff's intestate. The court rested its decision squarely on the authority of the *Slater* case which, it said, was not overruled by the *Malloy* case. In its opinion the court observed, "The plaintiff's contentions go far toward making the defendant an insurer as to the consequences of

every accident in which his automobile might become involved while operated by the original thieves or their successors in possession. This is a course upon which, even if it were open, we decline to embark" (page 362). The *Slater* and *Sullivan* cases were cited with approval in *Pochi* v. *Brett,* 319 Mass. 197, 204, and in *Ouellette* v. *Bethlehem-Hingham Shipyard, Inc.* 321 Mass. 390, 393.

Thus under our decisions the situation seems to be this: If one leaves his automobile on a public way "unattended without first locking or making it fast" in violation of G. L. (Ter. Ed.) c. 90, § 13, and a thief steals it and negligently injures a person, the injured person cannot recover because the owner's negligence as matter of law is not considered to be the proximate cause of the injury. Such in effect is the holding in the *Slater* and *Sullivan* cases. Yet under the *Malloy* case if one allows an unregistered automobile to remain on a public way and a thief steals it and negligently injures a person, recovery is allowed on the ground that it cannot be said as matter of law that the conduct of the thief broke the chain of causation. Stated differently, in both situations the original conduct of the defendant consisted of negligence arising from the violation of a statute, yet in the one case the act of the thief is held to make that negligence of no consequence while in the other it is held that the negligence is still operative or at least can be found so to be.

Distinctions founded on such differences are difficult to justify. If the chain of causation is broken in the one case, there would seem to be no reason why it should not be in the other. The dissenting justices in the *Malloy* case, being unable to find any sound basis for distinguishing that case from the *Slater* case, said, "Moreover, we think that this case is governed by the authority of *Slater* v. *T. C. Baker Co.* 261 Mass. 424. . . . The only difference of substance between that case and the present case is that in that case it did not appear, as it appears here, that the automobile was unregistered. We do not believe that a distinction in the matter of cause should be founded upon this difference. The state of being unregistered is more an abstract conception than it is a fact in nature. As a causal element it is

inherently weak. It had little if any bearing upon the operation of the human and physical forces which were in complete control at the time and place of the accident. It is difficult to see how the opportunity presented to the thief and his acceptance of it and his later conduct were affected at all by lack of registration, but if the state of authority in this Commonwealth is such that lack of registration must, in general, go to the jury as evidence of negligence, still we think that the chain of causal connection between the defendant's negligence and the death of the plaintiff's intestate is not so strengthened thereby as no longer to be broken by such intervening acts of a wrongdoer as were held to break the connection in the *Slater* case. . . . This court has gone very far in attaching legal consequences to the operation of an unregistered automobile. We think it unfortunate to extend those consequences into a new field to which we foresee no logical limits in place or time" (pages 279–280). With these views we agree. We are unable to reconcile the rule applied in the majority opinion in the *Malloy* case with that applied in the *Slater* and *Sullivan* cases. The time has come when we must choose between them. We prefer the latter. It is in accord with the prevailing view in other jurisdictions.[1] See Restatement: Torts, § 447, comment g; *Curtis* v. *Jacobson*, 54 Atl. (2d) 520; *Castay* v. *Katz & Besthoff, Ltd.* 148 So. 76 (La. App. 1933); *Kennedy* v. *Hedberg*, 159 Minn. 76; *Rhad* v. *Duquesne Light Co.* 255 Pa. 409. See also note in 158 A. L. R. 1374. The case of *Malloy* v. *Newman*, 310 Mass. 269, is overruled.

---

[1] We have not overlooked the fact that the Court of Appeals of the District of Columbia has taken a contrary view in *Ross* v. *Hartman*, 139 Fed. (2d) 14, and *Schoff* v. *R. W. Claxton, Inc.* 144 Fed. (2d) 532. Compare, however, *Howard* v. *Swagart*, 161 Fed. (2d) 651, which indicates that that court is apparently unwilling to extend its rule to its logical conclusion. In that case an owner left his automobile in the defendant's parking garage with the key in the ignition. An employee of the defendant stole the automobile and lent it to a fellow employee who had no knowledge of the theft. The latter while driving it twelve hours after the theft ran into and injured the plaintiff. It was held on the assumption that the defendant was negligent that such negligence was not the proximate cause of the plaintiff's injury. The court was of the opinion that to extend the principle of the *Ross* and *Schoff* cases to such a case "would . . . result in, a strained construction of the legal concepts pertaining to . . . proximate cause" (page 655).

Applying the rule of the *Slater* and *Sullivan* cases to the cases at bar, we are of opinion that the judge did not err in entering verdicts for the defendants under leave reserved. The conduct of the defendants in allowing the unregistered automobile to remain upon a public way could not have been found to be the proximate cause of the plaintiff's injuries. And the plaintiff's case is no better if we assume, as the jury could have found, that the automobile was stolen from the parking lot, and if we also assume that negligence on the part of the defendants could have been found from the manner in which the automobile was left. In either case the conduct of the thief was an intervening cause which the defendants were not bound to anticipate and guard against. We recognize that the declarations in the *Sullivan* and *Slater* cases alleged negligence whereas here the declarations allege both negligence and nuisance. But the difference is not material. In an action based on nuisance as in the case of any other tort the plaintiff must show that the nuisance was the proximate cause of his injuries. *McKenna* v. *Andreassi*, 292 Mass. 213, 217. *Jones* v. *Hayden*, 310 Mass. 90, 95. *Sullivan* v. *Boston Consolidated Gas Co*. 316 Mass. 404, 408. See *Stowe* v. *Mason*, 289 Mass. 577, 583–584. Here that was not shown.

*Exceptions overruled.*