## ROBERT A. POSKUS vs. LOMBARDO'S OF RANDOLPH, INC., & another.[1]

Plymouth. May 6, 1996. - September 30, 1996.

Present (Sitting at Barnstable): LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Negligence,* Foreseeability of harm. *Motor Vehicle,* Parking, Theft.

This court reconsidered the principles stated in cases involving motor vehicles left unattended with keys in their ignitions and concluded that if a person negligently makes the theft of a motor vehicle possible it would be reasonably foreseeable, in certain circumstances, that a third person could be harmed by the thief's negligent operation of the stolen vehicle. [639-640]

In the circumstances of a negligence action the plaintiff, a police officer, did not establish that his falling and being injured as he apprehended a car thief who was then fleeing on foot was a reasonably foreseeable risk of harm created by the defendant's negligence in operating its valet service which resulted in the theft of a vehicle. [640-641] LYNCH, J., concurring, with whom O'CONNOR, J., joined.

CIVIL ACTION commenced in the Superior Court Department on February 21, 1991.

The case was heard by *John J. O'Brien,* J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*J. Michael Conley* for the plaintiff.

*John A. Lacaire* for Lombardo's of Randolph, Inc.

WILKINS, J. A nightclub in Randolph, Lombardo's of Randolph, Inc. (Lombardo's), which provided valet parking for its customers, negligently permitted a customer's motor vehi-

---

[1]Albert A. Gorman, who is not involved in this appeal. A separate final judgment was entered in favor of Lombardo's of Randolph, Inc. See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

cle to be stolen by the defendant, Albert A. Gorman.[2] About one and one-half hours after the theft was discovered, the plaintiff, a Brockton police officer on patrol, saw the stolen vehicle operated by Gorman and attempted to stop it. Gorman fled first in the vehicle and then on foot. The plaintiff fell and was injured as he apprehended Gorman. The plaintiff asserts that Lombardo's is liable on the ground that its negligence in operating the valet service was a direct cause of the plaintiff's injuries.[3]

A judge in the Superior Court allowed Lombardo's motion for summary judgment because "the conduct of the thief was an intervening cause which [the defendant was] not bound to anticipate and guard against," *Galbraith* v. *Levin*, 323 Mass. 255, 261 (1948). On appeal from a separate final judgment in favor of Lombardo's, the Appeals Court affirmed the judgment in an unpublished memorandum and order. See *Poskus* v. *Gorman*, 39 Mass. App. Ct. 1105 (1995). We granted the plaintiff's application for further appellate review. We agree with the Appeals Court and the motion judge and, therefore, affirm the judgment.

The Appeals Court and the motion judge analogized the circumstances of this case to those in a case in which an ignition key is left in a vehicle and a thief steals the vehicle. In such circumstances this court has held that a vehicle owner who leaves keys in the ignition, even negligently, is not liable to one injured by the thief's conduct because the larceny and use by the thief are said to be intervening independent acts that a defendant is not bound to anticipate and guard against. See *Galbraith* v. *Levin, supra* at 261; *Sullivan* v. *Griffin*, 318 Mass. 359, 361-362 (1945); *Slater* v. *T.C. Baker Co.*, 261

[2]The conduct on which the negligence claim is based is not important in this appeal because Lombardo's does not claim that the summary judgment record establishes that it was not negligent. It appears that the stolen vehicle's keys had been kept on an unlocked keyboard outside the club's main entrance.

[3]The record appendix does not present proper summary judgment materials to support all the recited facts. We do not know, for example, whether the plaintiff was injured because Gorman physically resisted arrest or because the plaintiff simply fell while in pursuit of Gorman. Also, the plaintiff alleges (but the record does not establish) that the plaintiff attempted to stop Gorman for a traffic violation and not because the vehicle was stolen. The parties agree, however, on sufficient facts to permit us to decide this appeal.

Mass. 424, 425 (1927). The Appeals Court concluded that, if a plaintiff's injuries due to a thief's negligent operation of a vehicle are not foreseeable, "the injuries of a police officer chasing that thief on foot following the thief's negligent driving are even less likely to be a foreseeable consequence of the defendant's negligence."

We granted the plaintiff's application for further appellate review to consider the continued soundness of the principles stated in our cases, such as the *Slater* case, involving motor vehicles left unattended with keys in their ignitions in light of (a) our recent comments about those cases and (b) the expanded concept of causation in the tort field, whether expressed as proximate cause or reasonable foreseeability. In 1978, this court said that the "keys left in the ignition" cases "constitute a narrow exception" to the general rule that a foreseeable act of a third person that contributes to the injurious effect of the original negligence will not excuse the original wrongdoer. *Jesionek* v. *Massachusetts Port Auth.*, 376 Mass. 101, 105 (1978). In that case we declined to apply the exception of the *Slater* case because the vehicle had not been stolen but had only been taken on a reasonably foreseeable "joyride" on the defendant's premises. *Id.* at 103, 105. We noted, therefore, that we did not need to decide whether the holdings in the cases involving keys left in ignitions should be abandoned. *Id.* at 105 n.3. See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 62 n.20 (1983) ("Cases like [the *Slater* case] holding that a defendant, as matter of law, is not bound to anticipate the intervening acts of third parties have been largely confined to their facts").[4] The reasoning of the *Jesionek* case, however, certainly casts doubt on the continued viability of principles on which the *Slater* case was decided.

Our cases have recognized that liability may be imposed if a defendant negligently failed to guard against the consequences of reasonably foreseeable criminal conduct. See *Fund* v. *Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192 (1994) (jury question as to causal relationship between inadequate

---

[4]We could decide this case by continuing the reasoning that the keys in the ignition cases are narrowly confined to their facts and that this case does not involve a key negligently left in an ignition. In the *Jesionek* case, this court took that approach to the *Slater* case and its successors. *Jesionek* v. *Massachusetts Port Auth.*, 376 Mass. 101, 105 (1978) ("the vehicle involved in this case was not in fact stolen").

hotel security and stabbing of hotel patron); *Flood* v. *Southland Corp.*, 416 Mass. 62, 72-73 (1993) (jury question whether stabbing of customer was foreseeable result of convenience store's inadequate security); *A.L.* v. *Commonwealth*, 402 Mass. 234, 244 (1988) (probation officer under duty to protect against foreseeable criminal act of child molester); *Sharpe* v. *Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 792-793 (1988) (stabbing of passenger reasonably foreseeable result of inadequate security in bus station); *Mullins* v. *Pine Manor College, supra* at 62-63 (rape of student reasonably foreseeable result of inadequate campus security); *Cimino* v. *Milford Keg., Inc.*, 385 Mass. 323, 331 (1982) (drunk driving foreseeable result of tavern's serving intoxicated patron); *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 452-453 (1969) (patron's shooting of another foreseeable result of bar's serving alcohol to intoxicated and boisterous patron).

If a person negligently makes the theft of a motor vehicle possible, it would be reasonably foreseeable in certain circumstances that a third person could be harmed by the thief's negligent operation of the stolen vehicle. In certain situations, therefore, the question of reasonable foreseeability will be for the trier of fact. Our conclusion that the reasoning of cases involving keys negligently left in ignitions is no longer persuasive does not, however, answer the question presented by this case. The facts here do not involve an injury caused by the motor vehicle thief in his operation of the stolen vehicle. The plaintiff's harm came about because the thief resisted arrest at least by fleeing the Brockton police officer and perhaps even by physically resisting apprehension.

We reject the argument that the subsequent wrongdoing that directly caused the plaintiff's injury was a reasonably foreseeable consequence of Lombardo's negligent act of making theft of the vehicle possible. In other words, the reasonably foreseeable risk of harm to others created by Lombardo's negligence did not include harm caused when the thief resisted arrest, at least when that harm did not occur during flight from the scene of the theft. We are not aware of any case that has gone so far. There must be limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment. See *Dziokonski* v. *Babineau*, 375 Mass. 555, 568 (1978); *Barnes* v. *Geiger*, 15 Mass. App. Ct. 365, 369 (1983). The facts would not warrant a jury's

finding that the plaintiff's injuries were within the reasonably foreseeable risk of harm created by Lombardo's negligence.

*Judgment affirmed.*

LYNCH, J. (concurring, with whom O'Connor, J., joins). The court unnecessarily reaches out and declares that our cases involving keys left in ignitions are "no longer persuasive," *ante* at 640, because these decisions are inconsistent with our expanded concept of causation. I cannot join this conclusion. This view of causation is not mine as is evidenced by the fact that the decisions relied on by the court as enunciating this view were, with one exception, rendered without my acquiescence. I concur in the view that "[t]he facts would not warrant a jury's finding that the plaintiff's injuries were within the reasonably foreseeable risk of harm created by Lombardo's negligence." *Ante* at 640-641.