Connolly, J.
On October 25, 2002, the plaintiff, Boston Police Officer Sean Flaherty (“Officer Flaherty”) filed a negligence claim against the defendant, Walgreen Eastern Co., Inc. (“Walgreeris”) and others. The Complaint alleged in part that Officer Flaherty was seriously injured due to the negligence of Walgreeris employee(s). Walgreeris has moved for summary judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, Walgreeris Motion for Summary Judgment is DENIED.

BACKGROUND

The following undisputed facts are taken from the summary judgment record. On Wednesday, October 27,1999, a Walgreeris employee spotted a woman who appeared to be shoplifting at its store located at 757 Gallivan Boulevard, Dorchester, Massachusetts. The employee called a “code 99" over the intercom in accordance with Walgreeris policy regarding shoplifters.[2] James B. Burke, the store manager and Hugh C. Crawford, the executive assistant store manager were alerted. The shoplifter, Juanita Crump (“Ms. Crump”), upon realizing that she was discovered shoplifting, ran to the back of the store to escape. When she got to the back of the store, she realized that there was no rear exit. She then ran back to the front exit and out the door to her car which was parked in the store parking lot.
Officer Flaherty was working a paid detail on Wednesday October 27, 1999. While on a break, he stopped by the Walgreeris on Gallivan Avenue, intending to make a purchase. After entering the store, Officer Flaherty was approached by a Walgreeris manager who told him that a woman was shoplifting and asked for his assistance in apprehending her. Officer Flaherty saw Ms. Crump, running from the store pursued by a Walgreeris employee, and he and the store manager followed them. When she got to the parking lot Ms. Crump got into a tan Ford Escort station wagon. The pursuing employee placed himself directly behind the Ford so that Ms. Crump could not move her car without hitting him. Ms. Crump apparently was not to be deterred in her escape, and backed the car out of the parking space, striking the Walgreeris employee in the leg. Officer Flaheriy, after exiting the store with the Walgreeris manager, saw Ms. Crump backing up and hitting the Walgreeris employee. Officer Flaherty stepped forward to come to the Walgreeris employee’s rescue and assistance.
Officer Flaherty began to approach Ms. Crump’s vehicle, identifying himself as a Boston Police Officer. Ms. Crump then started driving forward, toward Officer Flaherty, as she headed toward the parking lot exit onto Gallivan Boulevard. Ms. Crump struck Officer Flaherty with her vehicle, throwing him over the car hood and onto the pavement. She continued to drive out of the parking lot onto Gallivan Boulevard. Ms. Crump was later arrested and convicted of five separate crimes arising out of this incident.
The Walgreeris store manager, James Burke, testified that Walgreeris written policy, which is explained in the Walgreeris Employee Orientation Handbook, is that employees should not chase shoplifters inside or outside of the store. The manager stated that the reason for the policy is that chasing a shoplifter could create a dangerous situation where customers, employees or members of the general public could be injured.

DISCUSSION

Summary judgment will be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995). The moving party bears the burden of showing that they are entitled to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). In ruling on the motion, this court considers the evidence in the light most favorable to the opposing party. Beal v. Bd. of Selectmen of Hingham, 419 Mass. 535, 539 (1995).
Officer Flaherty’s claim in this case is not that Walgreeris was vicariously responsible for the conduct *662 of Ms. Crump. Rather, the claim is that Walgreen’s is legally responsible for its own employees’ negligence in violating its own safety rules and causing the dangerous situation that Officer Flaherty was attempting to rescue its employee from. The Walgreen’s employees, Officer Flaherty argues, had a duty to refrain from creating a dangerous situation or causing this situation to escalate to the point of presenting a danger to customers, employees and members of the general public. Walgreen’s breached its duty, he contends, and thereby caused his injuries by chasing Ms. Crump, by chasing her out of the store and into the parking lot, and by blocking her car when she was desperately attempting to flee.
Officer Flaherty was a business invitee of Walgreen’s and hence Walgreen’s had a duty to use reasonable care to prevent foreseeable injuiy to him. Reasonable care is “that kind and degree of care, which prudent and cautious men [or women] would use, such as is . . . necessary to guard against probable danger.” Brown v. Kendall, 6 Cush. 292, 296 (1850). A person is negligent if, by doing something or not doing something, he or she fails to use reasonable care to avoid harm to another through a disregard of that person’s safety.
Here, Officer Flaherty was on Walgreen’s premises when the Walgreen’s store manager asked for his help, and he saw Ms. Crump hit a Walgreen’s employee who was standing behind her car as she attempted to escape. A juiy could find defacto that Officer Flaherty was acting as a rescuer of the endangered Walgreen’s employee when he exited the Walgreen’s and approached Ms. Crump’s car. “[N]egligence which creates peril invites rescue, and should the rescuer be hurt in the process, the tortfeasor will be held liable not only to the primary victim, but to the rescuer as well.” Barnes v. Geiger, 15 Mass.App.Ct. 365, 369 (1983). “[R]escuers are not, as a matter of law, culpable of contributoiy negligence because they placed themselves in danger." Id. at 370. The fact that Officer Flaherty may have been acting in his capacity as a police officer during the attempted rescue has no bearing on whether Walgreen’s may be found liable for negligence. Hopkins v. Medeiros, 48 Mass.App.Ct. 600, 605-06 (2000).[3]
The defendant, Walgreen’s, owed a duty to its customers to use reasonable care to prevent injuiy by third persons, whether their acts were accidental, negligent or intentional. Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969). Here, the assistant manager and manager knew or should have known that Ms. Crump was a desperate and panicked woman. When first confronted regarding the shoplifting, she ran away to the back of the store, trying desperately to find an exit. On failing to find one, she ran to the front of the store, by the manager and into the parking lot, with the assistant store manager in pursuit. Given that the Walgreen’s store is rather isolated from a residential area, is located next to the Southeast Expressway, and has a giant parking lot, a juiy could reasonably find that the manager and assistant manager knew or should have known that Ms. Crump had arrived in an automobile, and that from her desperate running around the store to evade the Walgreen’s employees, she would be desperate enough to get in her car and barrel out of the parking lot. Walgreen’s “knowledge is measured by the cumulative knowledge of its employees.” Tobin v. Norwood Country Club, Inc., 422 Mass. 126, 135 (1996).
This Court notes that the usual rescuer case involves a rescuer who attempts to help someone in peril and is injured by a third party in the process. The rescuer has a cause of action against the third parly who caused the danger to the person who was to be rescued. Here, the facts are slightly different. A juiy could find that the intentional or negligent driving of Ms. Crump together with the negligence of the Walgreen’s employee(s) jointly created the dangerous situation which caused Officer Flaherty’s injuries. A juiy could also find that the failure of the Walgreen’s employee to follow the written store procedures regarding shoplifters was negligent and a joint and causal factor in causing the Officer Flaherty’s injuries.[4] A violation of a company’s written safety rules by its employee(s) may be evidence as to all consequences it was intended to prevent. Scott v. Thompson, 5 Mass.App.Ct. 372, 375 (1997).
Walgreen’s also argues in its memorandum and at oral argument that Officer Flaherty’s injuries were not within the foreseeable risks of harm created by any negligence on the part of Walgreen’s. This Court considers the summaiy judgment record, taking all inferences in favor of Officer Flaherty, and concludes that a juiy could reasonably find that Walgreen’s knew or should have known that the general harm that came about was foreseeable for the reasons stated above. The Court has reviewed the cases in other jurisdictions and has found support for its position here. See McClure v. Allied Stores of Texas, Inc., 608 S.W.2d 901 (Tex. 1980); Jones v. Lyon Stores, 82 N.C.App. 438 (1986); Ward v. West, 191 W.Va. 366 (1994).
The Court has also reviewed the Massachusetts case Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637 (1996), cited by both Walgreen’s and Officer Flaherty in this case. Poskus involved a car that was stolen from a restaurant in Randolph after a restaurant employee negligently left the keys hanging on a board outside of the building. The car was noticed by a state trooper approximately one and one-half hours after the crime occurred, a considerable distance away in Brockton. The Court held that an injuiy sustained by the state trooper while arresting the thief was not a foreseeable risk of harm, at least when the harm did not occur during flight from the scene of the crime. The Court stated that “the reasonably foreseeable risk of harm to others created by [the restaurant]’s negli *663 gence did not include harm when the thief resisted arrest, at least when that harm did not occur during flight from the scene of the theft ” Id. at 640 (emphasis added).
Officer Flaherty has set forth a prima facie case of negligence. Some might consider this case to be a close one, but this Court is of the opinion that in a case like this, the better course is to try the case to the jury, and in the event that the plaintiff receives a favorable verdict, this issue can be revisited on a Motion for Judgment Notwithstanding the Verdict. In that way, the case will be tried once and appealed once, if necessary.

ORDER

After hearing, the defendant, Walgreen Eastern Co., Inc.’s Motion for Summary Judgment is DENIED.

If an employee observes someone shoplifting Walgreen’s merchandise, they call a “code 99" over the intercom to alert management to the problem.

The “firefighter rule” (which is also applied to police officers) barred recovery for injuries incurred on the job due to the negligence of others. The rule was historically “justified by the notion that police and firefighters assume the risk of injury when they undertake such employment, which from time will require that they function as rescuers ... [T]he mle serve [d] to immunize the citizen whose ordinary negligence occasioned the presence of the firefighter or police officer.” Id. at 606-07. The firefighter’s rule, however, has no continuing vitality in Massachusetts. See Mounsey v. Ellard, 363 Mass. 693 (1973); G.L.c. 41;, §11 IF and G.L.c. 41, §100 (passed after Mounsey).

In negligence cases “[an] [employer] may be bound by his [employee’s] actions even if the [employee] "violated his instructions and acted in a manner expressly forbidden by the [employer]." Harris v. McIntyre, 2000 WL 942559 (Mass.Super. 2000), citing Restatement (Second) of Agency §§8A, 160, 161, 194, cmt. (1957).