Rufo, Robert C., J.
Plaintiffs Heather Geary and Steven Kelly, the administrators of the estates of Jarrod Drew and Timothy Kelly, respectively, have filed these wrongful death actions against OE Plus, Ltd. (“OE Plus”) and Lappen Auto Supply Co., Inc. (“Lappen”). Their complaints against OE Plus allege negligence, gross negligence, breach of implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. Geary’s complaint also asserts a claim for negligence causing conscious pain and suffering. The plaintiffs’ complaints against Lappen allege breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose.
Defendants OE Plus and Lappen have each moved for summary judgment, and both assert that the plaintiffs’ claims are barred due to a lack of reasonable forseeability and proximate cause. Moreover, they argue that the intoxicated driver’s negligence which resulted in the decedents’ deaths was an intervening, superseding cause which relieves them of any liability for the plaintiffs’ injuries. Because the plaintiffs have joined their opposition to the defendants’ motions for summary judgment, and the defendants’ arguments in support of their summary judgment motions are identical, this court will consider all of the parties’ arguments in this memorandum and order. For the *242 following reasons, OE Plus and Lapperis motions for summary judgment are allowed.

BACKGROUND

The summary judgment record reveals the following undisputed facts. An alternator, manufactured by OE Plus[1] and distributed by Lappen, was installed in a tow truck operated by A-l Affordable Towing and Recovery (A-l Towing). The alternator was defective. Approximately five months later, in the early morning hours of February 20, 2004, Timothy Kelly, an employee of A-1 Towing, was driving the tow truck southbound on Route 495, when he noticed the alternator light in the tow truck came on, indicating a problem with the alternator. Kelly radioed to the dispatcher at A-l Towing that he was experiencing problems with the tow truck, and asked that another tow truck driver be sent to assist him. Kelly eventually stopped the disabled tow truck in a breakdown lane on Route 495. Jarrod Drew, another A-l Towing employee, arrived with a flatbed tow truck to assist Kelly. As Kelly and Drew prepared the disabled tow truck to be lifted onto the flatbed truck, a vehicle driven by Daniel Cummings entered the breakdown lane and collided with the tow trucks. Cummings’s vehicle also struck Kelly and Drew, and both were killed. It was later determined that Cummings was intoxicated, and he was criminally charged with, inter alia, operating a motor vehicle under the influence of alcohol and reckless operation causing motor vehicle homicide.

DISCUSSION

The court should allow summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). A party moving for summary judgment who or which does not bear the burden of proof at trial may demonstrate the absence of a genuine dispute of material fact for trial either by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). It is necessary, however, for the summary judgment movant “to show by credible evidence from . . . affidavits and other supporting materials that there is no genuine issue of material fact and that [the party is] entitled, as matter of law, to a judgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993).
While summary judgment is seldom granted in negligence actions, it is “appropriate, however, if a plaintiff has no reasonable expectation of proving that ‘the injury to the plaintiff was a foreseeable result of the defendant’s negligent conduct.’ ’’ Hebert v. Enos, 60 Mass.App.Ct. 817, 820-21 (2004), quoting Kent v. Commonwealth, 437 Mass. 312, 320 (2002). See also Bergendahl v. Massachusetts Elec. Co., 45 Mass.App.Ct. 715, 725 (1998), cert. denied, 528 U.S. 929 (1999) (“While the issue of foreseeability is ordinarily a question of fact for the jury, the court may decide the issue as a matter of law ... in the absence of evidence that the risk which resulted in the plaintiffs injury should reasonably have been anticipated by the defendant..." (citation omitted)).
The plaintiffs argue that the facts of this products liability case, viewed in their favor, establish that the decedents’ deaths were a forseeable consequence of Lappen’s distribution and OE Plus’s manufacture of the defective alternator. The plaintiffs argue that OE Plus and Lappen’s motions for summary judgment should be denied because notwithstanding Cummings’s intervening negligent conduct, a reasonable jury could conclude that the decedents’ deaths were a forseeable consequence of the failure of the defective alternator. In order to determine whether summary judgment should be allowed in this case, this court must examine whether the plaintiffs have a reasonable expectation of proving all of the elements of their claims at trial.

I. Plaintiffs’ Negligence Claims

In negligence actions, “the plaintiff has the burden of proving each and every element of that claim: duty, breach of duty (or, the element of negligence), causation (actual and proximate) and damages.” Ulwick v. DeChristopher, 411 Mass. 401, 408 (1991). It is well-established that “ ‘[o]ne cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff.’ In addition to being the cause in fact of the injury, the plaintiff must show that the negligent conduct was a proximate or legal cause of the injury as well.” Kent, 437 Mass. at 320, quoting Wainwright v. Jackson, 291 Mass. 100, 102 (1935) (other citations omitted). Because the defendants do not dispute that the alternator was defective, the sole issue presented by this summary judgment motion is whether the plaintiffs have established a reasonable expectation of proving the causation element of their negligence claim at trial.
“Whether negligent conduct is the proximate cause of an injury depends not on factual causation, but rather on whether the injury to the plaintiff was a foreseeable result of the defendant’s negligent conduct.”[2] Kent, 437 Mass. at 320, citing Jesionek v. Massachusetts Port Auth., 376 Mass. 101, 105 (1978). It has been stated that the cause of the injury must be “reasonably foreseeable,” meaning that “one is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is ... only remotely and slightly probable.” Hebert, 60 Mass.App.Ct. at 821, citing Falk v. Finkelman, 268 Mass. 524, 527 (1929). The determination of “[t]he definition or scope *243 of proximate cause (or foreseeable result) is in turn based on considerations of policy and pragmatic judgment.” Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637, 640 (1996). See also Griffiths v. Campbell 425 Mass. 31, 35-36 (1997).
The plaintiffs argue that the defendants, as a manufacturer and supplier of tow truck parts, created the condition necessary for the decedents’ deaths to occur. They argue that the type of harm which occurred in this case was highly forseeable, due to the unfortunate frequency of drunk driving accidents in the Commonwealth, and cite to National Highway Traffic Safety Administration statistics which demonstrate the similar regularity of accidents which occur in highway breakdown lanes. They argue that it is forseeable that a product defect which causes a tow truck to become disabled would put the tow truck driver in danger due to the emergency nature of that vehicle and its tendency to be in the highway breakdown lane. The defendants argue that the accident which resulted in the deaths of both decedents was not reasonably forseeable, and to hold them responsible for what occurred in this case would defeat the pragmatic concerns which comprise the foundation of the forseeability doctrine. They also contend that they are entitled to summaiy judgment because the actions of the intoxicated driver in this case were an intervening, superseding cause which relieves them of liability for the plaintiffs’ resulting harm.
Although a juiy could find that the defendants were negligent for manufacturing and distributing a defective alternator, their negligence was not the proximate cause of the decedents’ deaths. “Proximate cause may be determined as a question of law when there is no dispute as to the effect of the facts established.”[3] Kent, 437 Mass. at 320, citing Stomas v. Fanning, 345 Mass. 73, 76 (1962). “If a series of events occur between the negligent conduct and the ultimate harm, the court must determine whether those intervening events have broken the chain of factual causation or, if not, have otherwise extinguished the element of proximate cause and become a superseding cause of the harm.” Kent 437 Mass. at 321, citing Jesionek v. Massachusetts Port Auth., 376 Mass. 101, 105 (1978). “A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.” Jones v. Cincinnati, Inc., 32 Mass.App.Ct. 365, 366 n.l (1992), quoting Restatement (Second) of Torts §440 (1965). Here, the intervening criminal acts of Cummings, the intoxicated driver who struck and killed the decedents, was the proximate and superseding cause of the plaintiffs’ injuries. This criminal act was “an intervening cause which the defendant was not bound to anticipate and guard against.” Poskus, 423 Mass. at 637, citing Galbraith v. Levin, 323 Mass. 255, 261 (1948).
The facts would not warrant ajuiy’s conclusion that the plaintiffs’ injuries were within the reasonably forseeable risk of harm created by the defendants’ negligence. See Poskus, 423 Mass. at 640-41. As such, no rational juiy could find the defendants liable for the plaintiffs’ injuries, and summaiy judgment is allowed as to Counts I-III of Geaiy’s complaint and Counts I and II of Kelly’s complaint is allowed.[4]

II. Breach of Implied Warranty of Merchantability.

An essential element of the plaintiffs’ claim for breach of the implied warranty of merchantability is that the defective condition which existed at the time of the sale of the product was a cause of the plaintiffs’ injuiy. Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 37 (1987). This court has already determined that the plaintiffs have no reasonable expectation of demonstrating that the defendants’ negligence with respect to the defective alternator proximately caused the plaintiffs’ injuries. The lack of causation here is similarly fatal to the plaintiffs’ claims for breach of the implied warranty of merchantability, and as such, summaiy judgment is allowed as to Counts IV and VI of Geaiy’s complaint and Counts III and V of Kelly’s complaint.

III. Breach of the Implied Warranty of Fitness for a Particular Purpose.

An implied warranty of fitness for a particular purpose arises when a seller “has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller’s skill or judgment to select or furnish suitable goods.” Fernandes, 400 Mass. at 33. Assuming for the purposes of this motion that the defendants were aware that the alternator would be used in a tow truck, this court has already stated that the plaintiffs have no reasonable likelihood of demonstrating at trial that the failure of the alternator (and any attendant breach of warranty) caused the decedents’ injuries. Because the seller or manufacturer of a defective product is only liable for harm resulting from that defect, see Commonwealth v. Johnson Insulation, 425 Mass. 650, 654 (1997), summaiy judgment is allowed as to Counts V and VII of Geaiy’s complaint and Counts IV and VI of Kelly’s complaint.

ORDER

It is hereby ORDERED that the Defendant OE Plus, Ltd. and Defendant Lappen Auto Supply Co., Inc.’s motions for summaiy judgment are ALLOWED.

 Defendant OE Plus assumes that it manufactured the alternator for the purposes of this motion.

 Other courts have stated that the forseeability of harm corresponds not only to a determination of proximate cause; but to the duty element of a negligence claim. See, e.g. Whittaker v. Saraceno, 418 Mass. 196, 198 (1994) (“The word ‘foreseeable’ has been used to define both the limits of a duty of care and the limits of proximate cause”), Glick v. Prince Italian Foods, Inc., 25 Mass.App.Ct. 901, 902 (1987), citing McGuiggan v. New England Tel. & Tel., 398 Mass. 152, 157-61 *244 (1986) (“There Is no duty owed when the risk which results in the plaintiffs injury is not one which could be reasonably anticipated by the defendant”).

 The plaintiffs assert that summary judgment is inappropriate in this case because discovery is not yet complete. At the summary judgment hearing, they admitted that the only remaining deponent in this case is the owner of A-1 Towing. This court finds that because the material facts are not in dispute in this case, and it is unlikely that the owner of A-1 Towing could add any material facts to the issue of proximate cause, it is appropriate to rule on the defendants’ summary judgment motion at this time.

 The plaintiffs argue that the defendants’ negligence in this case can be inferred under the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur is inapplicable to the facts of this case, as “this is not a situation where it could be inferred that ‘there was a greater likelihood that the accident was due to [the defendant’s] negligence rather than to some other cause.' ” Bernstein v. Highland Associates of Worcester, Inc., 1 Mass.App.Ct. 132, 133 (1973), citing DiRoberto v. Lagasse, 336 Mass. 309, 311-12 (1957). The intervening acts of Cummings proximately caused the decedents’ deaths and the plaintiffs’ injuries.