Henry, Bruce R., J.
This matter came on to be heard on the motion of the defendants to dismiss the claims of Kimberly Pratt (Pratt) or for summary judgment on those claims. The defendants assert that they owed no duty to Pratt and, therefore, she cannot recover on her negligence claims in this matter.
The defendants were treating physicians of Joseph Shea (Shea), Pratt’s father. According to the allegations in the complaint, the defendants were negligent in the course of their provision of medical care and treatment to Shea, resulting in damage to his kidneys. As a result of that negligence, according to the plaintiffs, Shea was required to have a kidney transplant. Pratt voluntarily donated one of her kidneys to Shea. The defendants did not provide medical care or treatment to Pratt. Shea was the defendants’ patient; however, Pratt alleges that in rendering care and treatment to Shea, the defendants owed her a duty of care, which they breached. (Complaint, ¶¶17-19.)
The defendants have moved to dismiss the claims of Pratt arguing that, as a matter of law, they owed no duty to her and that the complaint fails to state a claim on her behalf on which relief can be granted. For the reasons which follow, the motion is ALLOWED.
Legal Standard
When evaluating the sufficiency of a complaint pursuant to Mass.RCiv.P. 12(b)(6), this Court must accept as true the well pleaded factual allegations of the complaint and make all reasonable inferences which may be drawn in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1981). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Cintron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
*53 Discussion
A physician owes a duty to his patient to exercise the degree of skill and care of the average, qualified physician practicing in the same field of medicine. Brune v. Belinkoff, 354 Mass. 102, 109 (1968). Clearly, that is the duty that was owed to Shea by the defendant physicians. Whether the defendants owed a duty of care to Pratt is not answered by the cases in Massachusetts which address the issue of a physician’s duly.
In deciding the duty question in other situations, the Supreme Judicial Court has focused on whether there existed a special relationship between the allegedly negligent actor and the person claiming injury which gave rise to a duly of care on the part of the actor. See Irwin v. Town of Ware, 392 Mass. 745, 762 (1984) (special relationship between police officer and member of public injured when intoxicated motorist not removed from roads).
The Supreme Judicial Court has found the existence of a duty in other situations. Those situations are well-discussed in two fairly recent Superior Court decisions. Arsenault v. McConarty, 21 Mass. L. Rptr. 500, 2006 WL 2846962 (Mass.Super.) (Agnes, J.), and Medina v. Pillemer, 20 Mass. L. Rptr. 352, 2005 LEXIS 639 (Mass.Super.) (Gants, J.). When a tavern owner serves alcohol to a customer, he owes a potential class of victims the duly to stop serving that customer when he reasonably should know that that customer is intoxicated. Adamian v. Three Sons, Inc., 353 Mass. 498 (1968). In several cases, the Court has found a duty to protect a plaintiff from the unlawful or dangerous acts of third persons. See Mullins v. Pine Manor College, 389 Mass. 47 (1983) (college owes duty to protect students from foreseeable criminal acts); Fund v. Hotel Lenox of Boston, Inc., 418 Mass. 191 (1994) (hotel owes duty to protect guests from foreseeable acts of criminals); and Poskus v. Lombardo’s of Randolph, 423 Mass. 637 (1996) (landlord or properly owner liable for failure to prevent foreseeable criminal acts).
Where one takes charge of a person whom he knows or should know is likely to cause harm if not controlled, one is under a duty to exercise reasonable care to control that person. See Carr v. Howard, 5 Mass. L. Rptr. 63, 1996 Mass.Super. LEXIS 602 (Cowin, J.); Restatement (Second) of Torts, §§315(a) and 319. In some circumstances, public employees have a special relationship with the general public and, therefore, have a duty to protect the public from the threat of harm. See Irwin, supra; Jean W. v. Commonwealth, 414 Mass. 496 (1993).
None of those situations where the Supreme Judicial Court has found the existence of a special relationship are applicable here. Furthermore, Pratt is not an unknowing victim of the alleged negligence of the defendant physicians. She made a voluntary decision to subject herself to the harm for which she now seeks to recover.
Under the unique circumstances of this case, the extension of a physician’s duty to cover this situation is not warranted. As Pratt has not set forth a claim upon which relief can be granted, the motion to dismiss her claims is ALLOWED.