WENDLANDT, J.
*782 This case presents the issue whether the defendant (having left heavy-duty equipment unlocked, unattended, and running idle with keys in the ignition on a lot shared with the plaintiff) has a duty of care to the plaintiff whose property was damaged by an unauthorized third-party user of the equipment. Concluding that the unauthorized use was not reasonably foreseeable, a Superior Court judge granted summary judgment in favor of the defendant on the plaintiff's claim for negligence.[1] We reverse.
*783 Background. We summarize the undisputed facts in the light most favorable to the plaintiff, the party opposing summary judgment. See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 393, 788 N.E.2d 522 (2003). The parties shared a lot where they stored trucks and other heavy-duty equipment used in their respective businesses. The defendant provides snow plowing services.
During a snowstorm in January of 2014, at approximately 10:00 P.M. , the defendant's employee left a front-end loader running idle, unattended, and unlocked on the lot *526 with the keys in the ignition.[2] The employee returned to the lot at 2:00 A.M. In the interim, an unknown and unauthorized third party had driven the front-end loader into two of the plaintiff's trucks, causing extensive damage.
Although there had been previous incidents where items such as batteries and steel had been stolen from the lot, this was the first incident involving unauthorized use of the defendant's equipment. It was the defendant's practice to leave the keys to its front-end loaders, usually hidden, inside the vehicles. At least one of the defendant's employees, nonetheless, did not adhere to this practice because he did not want anyone else driving his vehicle.
Following this incident, the plaintiff filed a complaint alleging, inter alia, that the defendant was negligent in failing to properly secure the front-end loader. On cross motions for summary judgment, the judge granted the defendant's motion. The judge concluded that the defendant did not owe a duty of care to the plaintiff and that the plaintiff had no reasonable expectation of proving causation at trial because the damage to the plaintiff's trucks was not a reasonably foreseeable consequence of the defendant's actions. The plaintiff appealed.[3]
Discussion. Summary judgment is to be granted where, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). See *784 Cargill, Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 358, 676 N.E.2d 815 (1997). "[The] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates ... that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Dulgarian v. Stone, 420 Mass. 843, 846, 652 N.E.2d 603 (1995), quoting from Symmons v. O'Keeffe, 419 Mass. 288, 293, 644 N.E.2d 631 (1995). Our review is de novo. Chambers v. RDI Logistics, Inc., 476 Mass. 95, 99, 65 N.E.3d 1 (2016).
To prevail on a negligence claim, a plaintiff must prove that (1) the defendant owed the plaintiff a duty, (2) the defendant breached this duty, (3) damage to the plaintiff resulted, and (4) there was a causal relationship between the breach of the duty and the damage. See Jupin v. Kask, 447 Mass. 141, 146, 849 N.E.2d 829 (2006). "[T]he existence of a duty is question of law, and is thus an appropriate subject of summary judgment." Ibid. In addition, while each of the other elements typically involve questions of fact suitable for resolution by a jury, see, e.g., Mullins v. Pine Manor College, 389 Mass. 47, 58, 449 N.E.2d 331 (1983), proximate cause may be resolved as a matter of law, where "a plaintiff has no reasonable expectation of proving that 'the injury to the plaintiff was a foreseeable result of the defendant's negligent conduct.' " Hebert v. Enos, 60 Mass. App. Ct. 817, 820-821, 806 N.E.2d 452 (2004), quoting from *527 Kent v. Commonwealth, 437 Mass. 312, 320, 771 N.E.2d 770 (2002).
"[A] defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous." Jupin, 447 Mass. at 147, 849 N.E.2d 829, quoting from Tarasoff v. Regents of the Univ. of Cal., 17 Cal. 3d 425, 434-435, 131 Cal.Rptr. 14, 551 P.2d 334 (1976).
"The word 'foreseeable' has been used to define both the limits of a duty of care and the limits of proximate cause.... As a practical matter, in deciding the foreseeability question, it seems not important whether one defines a duty as limited to guarding against reasonably foreseeable risks of harm or whether one defines the necessary causal connection between a breach of duty and some harm as one in which the harm was a reasonably foreseeable consequence of the breach of a duty."
Whittaker v. Saraceno, 418 Mass. 196, 198-199, 635 N.E.2d 1185 (1994).
In the present case, the defendant maintains that the plaintiff has no reasonable expectation of proving that the third party's *785 unauthorized use of the defendant's front-end loader, and the resulting harm to the plaintiff's trucks, were reasonably foreseeable consequences of leaving an unsecured and idling front-end loader in the shared lot.[4] We disagree.
The Supreme Judicial Court's decision in Jesionek v. Massachusetts Port Authy., 376 Mass. 101, 378 N.E.2d 995 (1978), is instructive. There, the port authority left an unsecured forklift on its property with the keys in the ignition, and a drunken seaman then drove it into a civilian visitor. Id. at 102-104, 378 N.E.2d 995. The court declined to apply the "keys left in ignitions" line of cases, which had absolved a vehicle owner of liability for the actions of a third party who stole the vehicle.[5] Id. at 105 n.3, 378 N.E.2d 995. The doctrine, the court stated, was "narrow" and thus inapplicable to the facts of the case before it because the third party had merely taken the vehicle for a joyride and not stolen it. Id. at 105, 378 N.E.2d 995. See Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 640, 670 N.E.2d 383 (1996) ("[T]he reasoning of cases involving keys negligently left in ignitions is no longer persuasive"). Instead, the court held that "[t]he act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen." Jesionek, supra at 105, 378 N.E.2d 995, quoting from Lane v. Atlantic Works, 111 Mass. 136, 139-140 (1872). See Poskus, 423 Mass. at 640, 670 N.E.2d 383 ("If a person negligently makes the theft of a motor vehicle possible, it would be reasonably foreseeable in certain circumstances that a third person could be harmed by the thief's negligent operation of the stolen vehicle").
In holding that the jury were warranted in finding that the seaman's actions and the civilian's injuries were reasonably foreseeable, the court in Jesionek relied on several factors, including that the forklift had an unusual steering system which *528 made it dangerous in the hands of inexperienced drivers, the port authority had specific procedures for securing the forklift, which were not followed, and the port authority knew civilians and intoxicated seamen both frequented the area. Jesionek, 376 Mass. at 106, 378 N.E.2d 995. Similarly, here, the front-end loader is a large, heavy-duty *786 vehicle capable of causing damage in the hands of inexperienced drivers, the defendant failed to follow its usual practice of securing its equipment by hiding the keys,[6] there had been prior unauthorized entry onto the property, and the defendant knew that the plaintiff stored its equipment on the shared lot. In these circumstances, a jury could find that it was reasonably foreseeable that the front-end loader, when left unlocked, unattended, running idle, and with keys in the ignition, might be operated by an unauthorized individual so as to cause damage to the plaintiff's property on the shared lot. See ibid.
Poskus, relied upon by the defendant, does not support a different result. In that case, the court held that the defendant, a nightclub that negligently allowed a thief to steal a motor vehicle that its valet service had parked, did not owe a duty to the plaintiff, a local police officer, who saw the stolen vehicle hours after the theft, attempted to stop it, and was injured when he fell as he attempted to apprehend the fleeing thief. Poskus, 423 Mass. at 640, 670 N.E.2d 383. Here, the harm that occurred to the plaintiff's trucks was not so attenuated; indeed, a jury could reasonably find that it was precisely the type of harm that was a foreseeable consequence of leaving heavy-duty equipment unlocked, unattended, and idling on a shared lot on which the plaintiff stored its trucks.
Finally, the defendant maintains that, while theft of the front-end loader and its subsequent negligent operation might have been foreseeable, the specific third-party act here -- what appears to have been intentional vandalism of the plaintiff's vehicles -- was not. The foreseeability standard, however, "does not require the particular act which caused the injury to have been foreseen, only that the general character and probability of the injury be foreseeable." Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass. App. Ct. 901, 902, 514 N.E.2d 100 (1987). In this case, as in Jesionek, 376 Mass. at 106, 378 N.E.2d 995, the damage to the plaintiff's property was not, as a matter of law, an unforeseeable consequence of the defendant's failure to secure its equipment.[7]
Conclusion. That portion of the judgment entered on June 27, *787 2017, dismissing count 1 of the complaint is reversed. In all other respects, the judgment is affirmed.
So ordered.

The motion judge also granted judgment for the defendant on the plaintiff's other claim for negligent entrustment. Having raised no arguments regarding this aspect of the judgment, the plaintiff has waived any challenge to it. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief"); John Hancock Mut. Life Ins. Co. v. Banerji, 447 Mass. 875, 887 n.20, 858 N.E.2d 277 (2006).

According to the employee, he left the front-end loader running in order to charge the battery after having replaced the vehicle's alternator. He wanted to make sure the battery was charged that night in case a driver needed the vehicle in connection with that evening's snow removal.

The plaintiff does not appeal from the judge's denial of its cross motion for summary judgment.

The defendant does not argue on appeal that it is entitled to summary judgment on the other elements of the plaintiff's negligence claim.

That line of cases includes Slater v. T.C. Baker Co., 261 Mass. 424, 425, 158 N.E. 778 (1927) ; Sullivan v. Griffin, 318 Mass. 359, 361, 61 N.E.2d 330 (1945) ; Ouellette v. Bethlehem-Hingham Shipyard, Inc., 321 Mass. 390, 393, 73 N.E.2d 592 (1947) ; and Galbraith v. Levin, 323 Mass. 255, 261, 81 N.E.2d 560 (1948) (same).

Indeed, at least one of the defendant's employees never left keys in his vehicle because he feared unauthorized use. See Mullins, 389 Mass. at 54-55, 449 N.E.2d 331 (rejecting argument that risk of harm was not reasonably foreseeable where, inter alia, employee testified that he had foreseen such risk).

In light of the foregoing, we do not address the plaintiff's remaining arguments on appeal.